UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD AUSTIN, an individual, on behalf of himself, the general public, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware Corporation authorized to do business in the State of Washington<br><br>Defendant. | Case No. 2:09-cv-01679-JLR<br><br><u>COMPLAINT – CLASS ACTION</u><br><br>FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF FOR:<br><br>(1) FAILURE TO PAY OVERTIME IN VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, 207, 216 ("FLSA") |

Plaintiff, RICHARD AUSTIN, on behalf of himself, the general public, and all others similarly situated, allege as follows:

This collective action is brought on behalf of all "Warehouse Associates" in the United States by defendant AMAZON.COM, INC. (hereinafter "AMAZON"). All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein, RICHARD AUSTIN, and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 1
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States pursuant to 28 U.S.C. § 1131.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because AMAZON does business in this District and maintains its principal place of business/national headquarters in Seattle, Washington.

## COLLECTIVE ACTION DEFINITION

3. Plaintiff brings this action as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of all persons who were, are, or will be employed by AMAZON as "Warehouse Associates", including any of the Defendant's job positions with substantially similar titles and duties in the United States within the three years preceding the filing of this Complaint to the date of entry of judgment, who clocked in to work at any interval of time before or after their scheduled start time and/or who clocked out of work at any interval of time before or after their scheduled end time, and who were not compensated for such time including but not limited to all "Warehouse Associates" who were not provided all the compensated non-working time required by state law for breaks and meals (hereinafter "Collective Class")

## STATE LAW SUBCLASSES

4. Many of the violations herein are also violations of state law in the state where class members are employed. For example, almost all states, like Nevada where Plaintiff was employed, have an overtime law that mirrors the federal Fair Labor Standards Act. To the extent these states have such laws, if the Defendant has failed to pay overtime compensation under federal law, then the Defendant has failed to pay overtime compensation under state law.

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 2
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

These state law claims are true class action complaints, with a traditional "opt out" class as opposed to the federal Fair Labor Standards Act, which provides for an opt in class only.

5. In addition, these various state laws may contain additional penalties and/or compensation for the same actions of Defendant for which the federal law requires only payment of wages at one and one half times the employee's regular rate.

## COLLECTIVE ACTION ALLEGATIONS

6. Plaintiff RICHARD AUSTIN ("Plaintiff") alleges that at all material times mentioned herein, he is and was:

(a) An individual who resides in Las Vegas, Nevada;

(b) Employed as a "Warehouse Associate" for defendant AMAZON in the State of Nevada from approximately September 2008 to approximately August 2009;

(c) Worked more than forty (40) hours in any given week;

(d) Did not receive overtime compensation for all hours worked over forty (40) hours in any given week;

(e) Is a member of the Collective Class as defined in Paragraph 3 of this Complaint.

(f) Has signed a consent to sue filed in this court.

7. All claims involving the Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216 because there is a well defined community of interest in the litigation and the proposed Collective Class is easily ascertainable by examination of the employment records that Defendant is required to maintain by law, including but not limited to, employee time clock reports and payroll records.

## STATE LAW SUBCLASS ACTION ALLEGATIONS

8. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

9. As a worker employed in the state of Nevada, Plaintiff seeks to represent a subclass of all persons who were, are, or will be employed by AMAZON as "Warehouse Associates",

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 3
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

including any of the Defendant's job positions with substantially similar titles and duties in the State of Nevada within the two years preceding the filing of this Complaint to the date of entry of judgment, who clocked in to work at any interval of time before or after their scheduled start time and/or who clocked out of work at any interval of time before or after their scheduled end time, and who were not compensated for such time including but not limited to all "Warehouse Associates" who were not provided all the compensated non-working time required by state law for breaks and meals (hereinafter "Nevada State Sub-Class")

10. Plaintiff is a member of the proposed Nevada State Sub-Class, is typical of all members of the Nevada State Sub-Class, has a common issue of law and/or fact with all members of this sub-class in whether the employer does and is legally entitled to round off in the manner in which it has, and will adequately represent the class. The class is also easily ascertainable from the records that the employer is required by law to maintain. When available, a true opt-out class action is superior to individual actions because it would be unjust to allow the Defendant to benefit from its unlawful behavior solely because the cost of litigating individual claims would be prohibitive compared to the expected damages unless aggregated.

## DEFENDANT

11. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein that Defendant AMAZON.COM, INC., is and was a Delaware corporation licensed to do business and actually doing business in the State of Washington. Additionally, Plaintiff is informed and believes that Defendant maintains its principal place of business and/or national headquarters in the State of Washington. Defendant owns and operates "Distribution Centers" similar to the one Plaintiff was employed in numerous separate geographic locations throughout the United States, including, but not limited to, the States of Arizona, Delaware, Indiana, Kansas, Kentucky, Nevada, Pennsylvania, Texas, and Virginia.

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 4
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

## THE CONDUCT

12. Plaintiff RICHARD AUSTIN was employed as a "Warehouse Associate", a non-exempt hourly position, for defendant AMAZON at its Nevada Distribution Center from approximately September 2008 to approximately August 2009. As with all other similarly situated hourly warehouse employees, AMAZON required Mr. AUSTIN and other members of the Collective Class to start/end work on a set schedule. When Mr. AUSTIN and/or other members of the Collective Class clocked in or out before their scheduled start/end time, it was the defendant's policy to "round" their time to the nearest quarter hour. A copy of the Defendant's official "Rounding Policy" is attached hereto as Exhibit A.

13. By custom and practice, the workday begins at the time of punching in at the time clock, and ends when the employee punches out at the time clock. After punching in and before punching out, the employee is not free to do things other than work as assigned by the employer.

14. By itself, the Defendant's rounding practice appears to be facially neutral but in practice by policy and/or design, the rounding favors the Defendant in almost every instance because of the Defendant's other work rules.

15. Specifically, as a matter of both policy and universal practice, the employee is prohibited from clocking in more than seven minutes early, and is not allowed to clock in more than seven minutes late without risk of discipline. . For example, the policy itself says that

> Associates who clock in more than 7 minutes before their scheduled start time ("Early Entry") will be paid beginning at the nearest quarter hour to the punch whether the early entry was approved or not. For example, an associate who clocks in at 6:50 a.m. will be paid from 6:45 a.m. forward. *A flag will occur in our time clock system, and managers are responsible for tracking unauthorized early entries and counseling associates. Managers will not change the shift start time, even if the*

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 5
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

*early entry is unauthorized. A pattern of unauthorized early entries can lead to discipline, up to and including termination.* (See Progressive Discipline section below) [emphasis added]

16. And if the employee clocks in only three minutes and one second after the shift begins, he or she is subject to discipline. Thus, whenever the employee might be benefited from the rounding system at the beginning of the working day, the employee is told that he or she will be disciplined. The employee can only clock in within the seven minute window before the shift starts that favors the employer or the lesser three minute period after the shift starts (which is viewed an occasional exception but is not equally weighted to the employee anyway, i.e., the employer gets 11 free minutes – 7 before and 4 after -as compared to the employee's three).

17. Likewise, whenever the employee might be benefited from the rounding system at the end of the working day, the Defendant's policies and practices prohibit the rounding principle to apply in favor of the employee. While the rounding policy says the employee can clock out up to seven minutes early, in fact, the employee can almost never do so because the employee is not released from his or her work station until the exact time of the end of the shift.

18. In other words, as a matter of company management policy, Defendant does not usually allow its hourly warehouse employees to stop working until exactly punch out time. Then and only then are the employees allowed to put away their equipment and supplies and head toward the time-clock. This takes about five to seven minutes, another 7-minutes at the end of the day that Defendant does not pay their employees for. If the employee does take more than seven minutes from being released to put his tools away and punch out, he or she is likewise subject to employer discipline. Thus, there is no way to punch out before the end of the shift, and if an employee punches out more than seven minutes after the shift (thus rounding in the employee's favor), the employee is automatically detected and subject to discipline. As stated in Defendant's rounding policy:

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 6
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

|   |   |
|---|---|
| 1 | Associates who clock in more than 7 minutes after their scheduled start |
| 2 | time will be paid beginning at the nearest quarter hour to the punch. For |
| 3 | example, an associate who clocks in at 7:10 am, will be paid from 7:15 |
| 4 | am. *A flag will occur in our timeclock system, and the associate will* |
| 5 | *incur an attendance infraction unless the late entry is offset by paid* |
| 6 | *personal time or pre-approved vacation.* [Emphasis added] |

19. There is no lawful reason to engage in such rounding, because Defendant has the technology to time the exact time each employee starts and ends work.

20. This rounding is not de minimis. First, Defendant's rounding off of hours worked is not administratively necessary as technology now provides for exact recording of the time actually spent. Unlike an employer of few employees who may rely on time cards hand written by the employees themselves, Defendant maintains a rigid time clock system which records time to the exact minute or smaller increment. In fact, Defendant is recording time at work by the minute, and relying on that record to discipline the employees who either are late to work, or who are too early, or who leave work early, or leave work late, but is not using the same data to pay the employees appropriately for all hours worked. Defendant's policy uses a record of minute by minute increments of work to "round" up or down, and to flag employees who are clocking in more than seven minutes before the start time or more than seven minutes after the ending time. The "flagging" leads to discipline, so that employees are essentially policed from rounding which favors the employees but not policed from rounding that favors the company, which is expected. As stated in Defendant's policy at Exhibit A, "Rounding does not refer to nor affect whether a particular entry or departure is an attendance infraction; it only refers to the start or completion time that will be used for payroll purposes."

21. Second, the amount of daily time spent on the additional work is not insignificant to the employee. In any given day, the employee can be deprived of 14 minutes of paid overtime. Anything more than 10 minutes per day is prima facie unreasonable, and rounding off even five

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 7
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

minutes per day is excessive when the employer has the exact time data and simply chooses not to use it for purposes of calculating hours worked.

22. Third, the practice of rounding against the employee is a regular practice, enshrined in company policy rather than a rare or random event. And finally, the size of the aggregate claim is very large. Plaintiffs estimate that the rounding results in an estimated 20 million dollars a year of unpaid overtime work for the class.

23. Fourth, the practice is regular and universal as evidenced by Defendant's policy. The way Defendant implements its rounding policy, when combined with Defendant's other work place policies, favors the Defendant disproportionally.

24. While clocked in prior to and/or after their scheduled start/end times, Mr. AUSTIN and other members of the Collective Class were subject to the control of AMAZON and engaged in activities that were (1) not undertaken for their own convenience (2) necessary for the performance of their duties for AMAZON and (3) integral and indispensable to their principal activities. Despite this, Mr. AUSTIN and other members of the Collective Class regularly were required to work "off the clock" as set forth hereinabove that entitles them to compensation therefore.

25. In addition, Defendant informs its warehouse employees that they have a 30-minute unpaid lunch; however, the class members only get a 21-minute lunch — yet, 30-minutes for lunch is deducted from their pay. Defendant assigns each warehouse employee a production rate, like a quota or hourly rate of production that the employee must maintain in order to stay employed by the Defendant. There is no slack given to the employees within these production rates. Managers tell employees — DO NOT use the restroom; DO NOT stop for a drink of water; or you will not make rate — and when an employee does not make rate; the employee is terminated from employment.

26. By law in almost every state, Defendant must provide all its warehouse employees at least two paid 10-minute rest breaks within their 8 to 10-hour work day. Defendant says it

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 8
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

1  provides its employees an additional 5-minutes per rest break for walking time for a total of 15
2  minutes time off for each break). — However, it takes 4 1/2 minutes to walk to the break area
3  and another 4 1/2 minutes to walk back from the break area. Therefore, Defendant's employees
4  get only two paid 6-minute rest breaks — not 10-minute breaks required by state law. By state
5  and federal law, this uncompensated four minutes per break time constitutes additional time
6  worked and must be compensated at least at the regular rate of pay and in some states at a
7  premium rate or with civil penalties to be paid to the employees.

8  27.    29 CFR § 790.6 provides in part that: "If an employee is required to report at the actual
9  place of performance of his principal activity at a certain specific time, his "workday"
10 commences at the time he reports there for work in accordance with the employer's requirement,
11 even though through a cause beyond the employee's control, he is not able to commence
12 performance of his productive activities until a later time." 29 CFR § 790.6(b). "Periods of time
13 between the commencement of the employee's first 'principal activity' and the completion of his
14 last 'principal activity' on any workday must be included in the computation of hours
15 worked..." 29 CFR § 790.6(b).

16 28.    29 CFR § 790.8(b) (2) provides in part: "The term 'principal activities' includes all
17 activities which are an integral part of a principal activity." Two examples of what is meant by
18 an integral part of a principal activity are found in the Report of the Judiciary Committee of the
19 Senate on the Portal-to-Portal Bill. They are the following: "...garment workers who arrive
20 early to distribute clothing to workbenches or to get machines 'in readiness for operation'..."

### FIRST CAUSE OF ACTION

### Violation of Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA")

(By Plaintiff and the Collective Class against Defendant)

29.    Plaintiff realleges and incorporates by this reference all allegations contained above as though fully set forth herein.

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 9
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

30. Defendant is engaged in communication, business, and transmission throughout the United States and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

31. 29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

32. 29 U.S.C. § 207(a) (l) provides in pertinent part: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

33. There is no exception from the provisions of 29 U.S.C. § 207(a) (l) applicable to the Plaintiff and the other hourly paid employees that constitute the class herein.

34. Defendant has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, in an illegal attempt to avoid payment of minimum and overtime wages and other benefits in violation of the Fair Labor Standards Act and Code of Federal Regulations requirements.

35. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, Plaintiff and the members of the Class are entitled to compensation at their regular rate for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

36. At all relevant times, Defendant failed to pay Plaintiff and the other members of the Class minimum wages and, when applicable, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by section 207 of FLSA, even though members of the Class regularly worked, and did in fact work overtime hours.

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 10
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

37. For purposes of FLSA, the employment practices of Defendant were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

38. Plaintiff proposes to undertake the appropriate proceedings to have the Collective Class members, aggrieved by Defendant's unlawful conduct, notified of the pendency of this action and join this action as Plaintiffs, pursuant to 29 U.S.C. § 216(b).

39. Therefore, Plaintiff demands that he and the members of the Class be paid wages at their regular rate for all hours worked as indicated by the exact time of punching in and punching out at the time clock at each of Defendant's facilities, and when applicable, overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

40. Because the actions of Defendant were without substantial justification as required by 29 USCS § 260, Plaintiff requests the amount of damages be doubled, not as a penalty, but in lieu of interest and as liquidated damages as provided in 29 U.S.C. 216(b).

## SECOND CAUSE OF ACTION

### Violation of Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA")

### (By Plaintiff and the Nevada State Sub-Class against Defendant)

41. Plaintiff realleges and incorporates by this reference all allegations contained above as though fully set forth herein.

42. By the conduct described above, Defendant has violated the provisions of Nevada Revised Statutes (NRS) 608.016, which provides "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

43. By the conduct described above, Defendant has violated NRS 608.018 which states: "An employer shall pay 1 ½ times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 11
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

1  work; or (b) More than 8 hours in any workday unless by mutual agreement the employee
2  works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.
3  2. An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee
4  who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate
5  prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work."
6  44.     Therefore, Plaintiff demands that he and the members of the Nevada State Sub-Class be
7  paid wages at their regular rate for all hours worked as indicated by the exact time of punching
8  in and punching out at the time clock at each of Defendant's facilities, and when applicable,
9  overtime compensation as required by the NRS 608.018 for every hour of overtime worked in
10 any work week, and if applicable, workday, for which they were due but were not compensated,
11 plus interest and attorneys' fees as provided by law.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against the Defendant as follows:

1. An order conditionally certifying the Collective Class as a collective action and certifying the Collective Class as alleged and prayed herein;

2. An order pursuant to Rule 23 of the Federal Rules of Civil Procedure, certifying the Nevada State Sub- Class as alleged and prayed herein or on such terms as the Court determines is applicable to the facts of this case;

3. Damages according to proof for overtime compensation under federal law for all hours worked overtime within three years of the filing of the complaint until the date of entry of judgment;

4. Damages according to proof for overtime compensation under Nevada State law for all hours worked overtime by members of the Nevada State Sub-Class within two years of the filing of the complaint until the date of entry of judgment;

5. For all statutory damages according to proof;

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 12
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

6. For liquidated damages as provide by law on the federal claims;

7. In the alternative, if the Court determines liquidated damages are not appropriate, then for interest at the maximum legal rate on all amounts found due from the date of the undue overtime until paid in full;

8. For reasonable attorney's fees according to proof;

9. For such other relief as the Court deems just and proper.

DATED: February 12, 2010                                IDE LAW OFFICE

/s/Mark R. Thierman
Mark R. Thierman, NV Bar # 8285
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Tel.: (775) 284-1500

Matthew J. Ide, WSBA No. 26002
801 Second Avenue, Suite 1502
Seattle, WA 98104-1500
Tel.: (206) 625-1326
Fax: (206) 622-0909

David R. Markham, CA Bar # 071814
CLARK & MARKHAM LLP
600 B Street, Suite 2130
San Diego, CA 92101
Tel.: (619) 239-1321

Walter Haines, CA Bar # 071074
UNITED EMPLOYEES LAW GROUP, PC
65 Pine Avenue, #312
Long Beach, CA 90802
Tel.: (877) 696-8378

*Attorneys for Plaintiff*

FIRST AMENDED
COMPLAINT FOR DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF - 13
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

# EXHIBIT A

Description

The policy establishes standard rounding and grace period rules for hourly Amazon.com associates in the U.S. Fulfillment Center (FC) sites. These rules are applied in conjunction with Amazon.com's attendance policy, payroll rules, and systems for clocking in and out. Rounding rules govern the time used for payroll purposes for start and end of shift; grace periods address late or early time punches and whether they qualify as attendance infractions. Rounding applies to pay; grace periods apply to attendance infractions. They are distinct and separate rules.

Rounding Policy

As a general rule, associates are expected to punch in as close to their scheduled start and end times as possible. Nevertheless, some slight variations in time punching will occur. For administrative convenience in the payroll process, time entries are rounded to the nearest quarter hour. "Rounding" refers to a set of rules that establishes for payroll purposes only the start or end time for associates who clock in before or after scheduled' start or end time. Rounding does not refer to nor affect whether a particular entry or departure is an attendance infraction; it only refers to the start or completion time that will be used for payroll purposes. .

Start of Shift.

- Associates who clock in 7 minutes or less *before* their scheduled start time will be paid from their scheduled start time going forward. No "flag" will occur in our timeclock system. For example, an associate who clocks in at 6:54 a.m. will 'be paid from 7:00 a.m. forward.
- Associates who clock in 7 minutes or less after their scheduled start time will be paid from their scheduled start time going forward. For example, an associate who clocks in at 7:06 a.m. will be paid from 7:00 a.m. No "flag" will occur if the late punch is within the 3-minute grace period. See Grace Period Policy.
- Associates who clock in more than 7 minutes after their scheduled start time will be paid beginning at the nearest quarter hour to the punch. For-example, an associate who clocks in at 7:10 am, will be paid from 7:15 am. A flag will occur in our timeclock system, and the associate will incur an attendance infraction unless the late entry is offset by paid personal time or pre-approved vacation.
- Associates who clock in more than 7 minutes before their scheduled start time ("Early Entry") will be paid beginning at the nearest quarter hour to the punch whether the early entry was approved or not. For example, an associate who clocks in at 6:50 a.m. will be paid from 6:45 a.m. forward. A flag will occur in our time clock system, and managers are responsible for tracking unauthorized early entries and counseling associates. Managers will not change the shift start time, even if the early entry is unauthorized. A pattern of unauthorized early entries can lead to discipline, up to and including termination. (See Progressive Discipline section below)