1

2

3

4

5                                          HONORABLE JAMES L. ROBART

6

7

8

9

10

11

12                          UNITED STATES DISTRICT COURT

13                    FOR THE WESTERN DISTRICT OF WASHINGTON

14  RICHARD AUSTIN, an individual, on         Case No. C-09-1679 JLR
    behalf of himself, the general public, and
15  all others similarly situated,            **DEFENDANT AMAZON.COM, INC.'S
                                              NOTICE OF MOTION, MOTION TO
16                  Plaintiff,                 DISMISS, AND/OR IN THE
                                              ALTERNATIVE, MOTION TO STRIKE
17           vs.                              IRRELEVANT ALLEGATIONS FROM
                                              PLAINTIFF'S FIRST AMENDED
18  AMAZON.COM, INC., a Delaware              COMPLAINT**
    Corporation authorized to do business in
19  the State of Washington,                  **[F.R.C.P., Rules 12(b)(6) and 12(f)]**

20                  Defendant.                **MEMORANDUM OF POINTS AND
                                              AUTHORITIES**
21
                                              **NOTE ON MOTION CALENDAR**: March 26,
22                                            2010

23                                            **ORAL ARGUMENT REQUESTED**

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION AND RELIEF REQUESTED ............................................................. 1

II.   SUMMARY OF THE ARGUMENT ....................................................................... 1

III.   STATEMENT OF RELEVANT FACTS ................................................................. 3

    A.   Procedural History ......................................................................................... 3

    B.   Plaintiff's Allegations Are Still Deficient ..................................................... 3

    C.   The Proposed Collective Class and Sub-Class .............................................. 4

IV.   ARGUMENT ................................................................................................... 4

    A.   The Applicable Standard For a Rule 12(b)(6) Motion ................................... 4

    B.   Plaintiff Fails to Allege Facts Stating an FLSA or NRS Claim ..................... 6

        1.   It is Not Unlawful to Maintain Both Rounding and Attendance
            Policies. ............................................................................................... 6

        2.   Plaintiff Has Alleged No Facts to Support His Claims. ...................... 9

        3.   This Court Should Dismiss Plaintiff's Second Claim Because There
            is No Private Right of Action Under Nevada Law for Unpaid
            Overtime and Plaintiff May Not Assert a Second, Duplicative
            FLSA Claim Predicated on Nevada Law ............................................ 11

    C.   In the Alternative, the Court Should Strike Plaintiff's Class Allegations ............. 12

        1.   This Court Should Strike Plaintiff's Class Allegations ........................ 12

        2.   This Court Should Strike Plaintiff's Allegations Regarding Nevada
            State Laws and Meal and Rest Breaks as Irrelevant ........................... 15

V.   CONCLUSION .............................................................................................. 15

DEFENDANT'S MOTION TO DISMISS
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

i

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

**Cases**

4

*Ashcroft v. Iqbal,*
    129 S.Ct. 1937 (2009) ..................................................................................... passim

5

*Baldonado, v. Wynn Las Vegas,*
    194 P.3d 96 (Nev. 2008) ................................................................................ 11, 15

6

*Bell Atlantic Corporation v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................ passim

7

8

*Bishop v. Saab Auto. A.B.,*
    2009 U.S. Dist. LEXIS 117562 (N.D. Cal. 2009) ................................................ 12

9

*Clegg v. Cult Awareness Network,*
    18 F.3d 752 (9th Cir. 1994) .................................................................................... 5

10

11

*Conley v. Gibson,*
    355 U.S. 41 (1957) ................................................................................................. 5

12

*DeBremaecker v. Short,*
    433 F.2d 733 (5th Cir. 1970) ................................................................................ 13

13

14

*DeLeon v. Time Warner Cable, LLC,*
    2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009) ..................................... 10

15

*Doe v. Wal-Mart Stores, Inc.,*
    572 F.3d 677 (9th Cir. 2009) ................................................................................ 10

16

17

*Earnest v. GMC,*
    923 F. Supp 1469 (N.D. Ala. 1996) ..................................................................... 12

18

*Freeman v. Wal-Mart Stores, Inc.,*
    256 F.Supp.2d 941 (W.D. Ark. 2003) .................................................................. 12

19

20

*Gen. Tel. Co. of Southwest v. Falcon,*
    457 U.S. 147 (1982) ............................................................................................. 12

21

*Harding v. Time Warner, Inc.,*
    C-09cv1212, 2009 US Dist LEXIS 72851 (S.D. Cal. Aug. 18, 2009) ..................... 8

22

23

*Hicks v. Kaufman and Broad Home Corp,*
    89 Cal.App.4th 908 (2000) ................................................................................... 13

24

*In re Graphics Processing Units Antitrust Litig.,*
    C-06-07417, 2007 WL 2127577 (N.D. Cal. Jul. 24, 2007) ..................................... 6

25

26

*Jones v. Casey's Gen. Stores,*
    538 F. Supp. 2d 1094 (S.D. Iowa 2008) .............................................................. 10

27

28

DEFENDANT'S MOTION TO DISMISS
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

ii

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

# TABLE OF AUTHORITIES
## (continued)

Page

*Kamm v. California City Dev. Co.*,
   509 F.2d 205 (9th Cir. 1975).................................................................................. 12

*Kirkpatrick v. Ironwood Commc'ns, Inc.*,
   2006 U.S. Dist. LEXIS 79708 (W.D. Wash. November 1, 2006) ........................... 11

*Leber v. Berkeley Vacation Resorts, Inc.*,
   2009 U.S. Dist. LEXIS 66928 (D. Nev. July 27, 2009)......................................... 11

*Levine v. Citibank*,
   No 07CV2032 WQH (CAB), 2008 WL 220282........................................................ 5

*Lucas v. Bell Trans*,
   2009 U.S. Dist. LEXIS 72549 (D. Nev. June 24, 2009).......................................... 11

*Mazur v. eBay, Inc.*,
   257 F.R.D. 563 (N.D. Cal. 2009) ........................................................................... 13

*Moss v. U.S. Secret Service*,
   572 F.3d 962 (9th Cir. 2009)..................................................................................... 8

*Noble v. Serco, Inc.*, No. 08-76-DCR, 2009 U.S. Dist LEXIS 54632 *4 (E.D. Ky. June 25, 2009)
   ....................................................................................................................... 6, 13, 14

*O'Connor v. Boeing N. Am., Inc.*,
   184 F.R.D. 311 (C.D. Cal. 1998) ........................................................................... 13

*Shabaz v. Polo Ralph Lauren Corp.*,
   586 F.Supp.2d 1205 (C.D. Cal. 2008) .................................................................... 12

*Sidney-Vinstein v. A.H. Robins, Co.*,
   697 F.2d 880 (9th Cir. 1983).................................................................................. 12

*Stewart v. Cheek & Zeehandelar, LLP*,
   252 F.R.D. 387 (S.D. Ohio 2008) .......................................................................... 13

*Villegas v. J.P. Morgan Chase & Co.*,
   2009 U.S. Dist. LEXIS 19265 (N.D. Cal. Mar. 6, 2009)......................................... 10

*Walters v. Seattle School District*,
   2008 U.S. Dist. LEXIS 105868 (W.D. Wash. December 15, 2008)........................... 4

*Williams v. Trendwest Resorts, Inc.*,
   2007 U.S. Dist. LEXIS 62396 (D. Nev. August 20, 2007)...................................... 11

*Zhong v. August Corp.*,
   498 F.Supp.2d 625 (S.D.N.Y. 2007) ...................................................................... 10

DEFENDANT'S MOTION TO DISMISS                          iii
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

**Statutes**

4

29 C.F.R.
§ 285.48(b) ............................................................................................................... 7

5

29 C.F.R.

6

§ 785.48(b) ............................................................................................................ 7, 8

7

29 C.F.R.
§ 790.17(h) ............................................................................................................... 7

8

29 U.S.C.

9

§ 259(a) .................................................................................................................... 7

10

**Rules and Regulations**

11

Fed. R. Civ. P.
12(f) .................................................................................................................... 1, 12

12

Fed. R. Civ. P.

13

Rule 12(b)(6) ............................................................................................... 1, 4, 5, 12

14

Fed. R. Civ. Proc.
8(a)(2) ...................................................................................................................... 4

15

**Other Authorities**

16

Manual for Complex Litigation (Fourth) (2004),

17

§ 21.222 .................................................................................................................. 13

18

19

20

21

22

23

24

25

26

27

28

iv

1

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff Richard Austin ("Plaintiff") filed his Complaint in this court on November 25, 2009.  Defendant responded with a Motion to Dismiss.  Rather than oppose Defendant's Motion, Plaintiff filed a First Amended Complaint ("FAC") on February 12, 2010.  Because the defects in the Complaint have not been cured, and because the FAC actually amplifies those deficiencies, Defendant Amazon.com, Inc. ("Defendant") again moves, pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), for an order dismissing Plaintiff's FAC on grounds that Plaintiff has failed to allege any facts which would make his claims "plausible" under the pleading standard enunciated by the United States Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

Defendant moves in the alternative, pursuant to Rule 12(f), to strike: (1) Plaintiff's class allegations on the ground that the proposed FLSA collective class is not objectively defined; and (2) Plaintiff's allegations regarding Nevada state law, including allegations regarding overtime and meal and rest breaks, on the ground that they are wholly irrelevant to Plaintiff's FLSA claims.

This Motion to Dismiss and in the alternative, Motion to Strike, are based upon this notice of motion and motion, the following memorandum of points and authorities, any reply filed in support of this motion, oral argument of counsel at the hearing, and any other matters that Court may properly consider via judicial notice or otherwise.

## II.    SUMMARY OF THE ARGUMENT

This action, originally filed in this Court on November 25, 2009, is styled as a putative collective action.  Plaintiff's original Complaint ("Complaint") generically alleged that Defendant had implemented a rounding policy that, according to Plaintiff, violated the Fair Labor Standards Act ("FLSA").  On January 28, 2010, Defendant moved to dismiss Plaintiff's Complaint, and in the alternative to strike the class allegations, because the Complaint contained only recitations of law and conclusory statements.  Plaintiff opted not to substantively oppose Defendant's Motion to Dismiss, but rather file a First Amended Complaint.  The FAC, however, fails to remedy the

DEFENDANT'S MOTION TO DISMISS
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

1

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1    problems prevalent in the original Complaint.  Instead, the FAC further obscures and complicates

2    the issues by repeating the conclusions from the Complaint and inserting additional conclusory

3    and irrelevant allegations and claims with no factual support.  Specifically, Plaintiff now loosely

4    alleges that Defendant's DOL-authorized rounding policy, when combined with its

5    unquestionably lawful attendance policy, is somehow thereby rendered unlawful.  The FAC

6    should be dismissed for failing to state a claim because it is <u>not</u> unlawful to maintain both a

7    rounding policy and an attendance policy requiring employees to arrive at work on time.

8    Plaintiff's theory fails the "factual plausibility" requirements of *Bell Atlantic Corporation v.*

9    *Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) because he cannot

10   show that implementing these two policies in conjunction with one another violates any law.

11       Plaintiff's FAC should also be dismissed because Plainitff fails even to allege, let alone

12   provide factual support, that he was in fact harmed by the rounding and/or attendance policies.

13   Instead, Plaintiff's allegations merely conjecture that one <u>could</u> be harmed in amounts that are not

14   *de minimis*.  More, of course, is required than speculation.  Finally, the Court should dismiss

15   Plaintiff's newly added Second Claim "for violation of the FLSA" because Plaintiff cannot allege

16   a violation of the FLSA predicated on a violation of Nevada state law, and indeed, has no private

17   right of action under Nevada state law.

18       Because of Plaintiff's insufficient pleadings, Defendant is compelled again to move this

19   Court for an order dismissing the individual and class claims asserted by Plaintiff for alleged

20   violations of the FLSA, 29 U.S.C. § 201, *et seq.*  Plaintiff's lawsuit threatens "sprawling, costly,

21   and hugely time-consuming" nationwide discovery based upon speculation and mere conclusory

22   allegations, unwarranted deductions of facts, and legal conclusions posing as facts.  *Twombly*, 550

23   U.S. at 559, 560 n. 6 (2007); *Iqbal*, 129 S.Ct. 1949.  The dismissal of claims failing to meet the

24   pleading standard established by the United States Supreme Court in *Twombly* and *Iqbal* is

25   especially vital for cases, such as the instant wage and hour collective action, where massive and

26   burdensome discovery is likely to be sought.

27       In the alternative, this court should strike the class allegations and all state law allegations

28   contained in Plaintiff's FAC.  Plaintiff's definitions of the proposed Collective Class and

DEFENDANT'S MOTION TO DISMISS
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR                    2                    Morgan, Lewis & Bockius LLP
                                                                          One Market, Spear Street Tower
                                                                          San Francisco, CA 94105
                                                                          tel: (415) 442-1000
                                                                          fax: (415) 442-1001

1   "Nevada State Sub-Class" fail to meet the minimum standards of definiteness and instead require

2   a predicate analysis of the central issue of liability in this case.  Such definitions do not meet the

3   objective standard required in federal court, and therefore Plaintiff's class allegations should be

4   stricken.  Furthermore, this Court should strike all Plaintiff's allegations regarding purported

5   violations of the Nevada Revised Statutes.  There is no private right of action under Nevada wage

6   and hour law for any of the alleged violations Plaintiff mentions, and Plaintiff's allegations

7   regarding Nevada state law are not therefore only conclusory, but irrelevant.

8   **III.    STATEMENT OF RELEVANT FACTS**

9       **A.    Procedural History.**

10      Plaintiff filed the original Complaint in this case asserting a single claim for violation of

11  the FLSA and seeking to represent a nationwide collective class pursuant to the FLSA.  In

12  response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss pointing out that the

13  Complaint failed to state a claim for two reasons:  (1) rounding is lawful and expressly permitted

14  by the DOL regulations; and (2) Plaintiff failed to allege facts to show he was harmed.

15      **B.    Plaintiff's Allegations Are Still Deficient.**

16      Plaintiff's FAC contains, ostensibly, two claims, both of which appear to allege a

17  violation of the overtime provisions of the FLSA.  In essence, the FAC alleges that Defendant's

18  implementation of two lawful policies—the rounding policy and the attendance policy—

19  somehow renders the otherwise lawful rounding policy, unlawful.  Plaintiff goes on to broadly

20  speculate that the rounding policy benefited Defendant "in almost every instance."  FAC ¶ 15-16.

21  Although the FAC painstakingly recites Defendant's rounding and attendance policies, quoting

22  each at length, it fails to address or cure the deficiencies that prompted Defendant's first Motion

23  to Dismiss.  Specifically, the FAC still fails to include even the most rudimentary factual support

24  for Plaintiff's claims, including whether Plaintiff himself actually worked overtime hours, the

25  approximate hours Plaintiff worked for which he was not compensated, and how and whether

26  Plaintiff was actually harmed by Defendant's rounding and attendance policies.

27      Although Plaintiff has added more verbiage and more allegations to the FAC, those

28  allegations are either irrelevant or conclusory and ultimately fail to show Plaintiff's right to relief.

DEFENDANT'S MOTION TO DISMISS                    3
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1   Adding more conclusory allegations does not make the original conclusory allegations any more

2   sufficient.

3         C.      **The Proposed Collective Class and Sub-Class.**

4         In addition to Plaintiff's original FLSA claim, the FAC contains a new second FLSA

5   claim somehow predicated on the Nevada Revised Statutes ("NRS") relating to payment of

6   minimum and overtime wages.  Inexplicably, as to this FLSA claim, Plaintiff seeks to represent

7   an opt-out Rule 23 class when only collective actions are available to remedy FLSA violations.

8   **IV.**    **ARGUMENT**

9         A.      **The Applicable Standard For a Rule 12(b)(6) Motion.**

10         Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim for relief may

11   be dismissed for "failure to state a claim upon which relief can be granted."  "Dismissal under

12   Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient

13   facts alleged under a cognizable legal theory."  *Walters v. Seattle School District*, 2008 U.S. Dist.

14   LEXIS 105868 at *2 (W.D. Wash. December 15, 2008) (*quoting Balistreri v. Pacifica Police*

15   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

16         A pleading must contain a "short and plain statement of the claim showing that the pleader

17   is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2).  The pleading standard enunciated by Rule 8

18   "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129

19   S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Factual allegations must "possess enough heft

20   to show that the pleader is entitled to relief."  *Twombly*, 550 U.S. at 545 (citations omitted).  A

21   plaintiff must plead a "statement of circumstances, occurrences, and events in support of the

22   claim presented."  *Id.* at 556 n.3 (quoting C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND

23   PROCEDURE § 1202 (3d ed. 2004)).  A pleading that offers only "labels and conclusions" or "a

24   formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

25   Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

26   enhancement."  *Twombly*, 550 U.S. at 557.  Even where a complaint contains some factual

27   allegations, "a complaint may be dismissed for failure to state a claim under Fed. R. Civ. P.

28   / / /

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

12(b)(6) where the factual allegations do not raise the 'right to relief above the speculative level.'" *Levine v. Citibank*, No 07CV2032 WQH (CAB), 2008 WL 220282, *1 (*citing Twombly*, 127 S. Ct. at 1965).

"Although for the purposes of a motion to dismiss [courts] must take all of the factual allegations in the complaint as true, [they] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S.Ct. at 1949. Thus, the Court should not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions as a basis to proceed. *Twombly,* 550 U.S. at 545-46, 555, 570; *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (also holding that the Court "is not required to accept legal conclusions cast in the form of factual allegations"). Furthermore, the United States Supreme Court made clear in *Twombly* that a court may not assume that a plaintiff can prove facts he has not alleged or that defendants have violated laws in ways not alleged. *Twombly*, 550 U.S. at 563 n.8 (quoting *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983)). If a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*. at 570.[1]

The United States Supreme Court, in *Ashcroft v. Iqbal*, held that these tenets and requirements apply to "all civil actions." *Iqbal*, 129 S. Ct at 1953. The Supreme Court explained the principles underlying these requirements as follows:

> First, the tenet that the court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of the prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Id*. at 1949-50 (emphasis added; internal citations omitted).

---

[1] The United States Supreme Court rejected its earlier statement in *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 546 ("[The phrase] is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . .").

DEFENDANT'S MOTION TO DISMISS
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

5

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1    Dismissal of claims failing to meet the *Twombly* standard is especially vital for cases in

2    which the threat of "sprawling, costly, and hugely time-consuming" discovery "will push cost-

3    conscious defendants to settle even anemic cases." *Id.* at 559, 560 n. 6; *see also Noble v. Serco,*

4    *Inc.*, No. 08-76-DCR, 2009 U.S. Dist LEXIS 54632 *4 (E.D. Ky. June 25, 2009) (stating that an

5    FLSA claim for unpaid overtime compensation "has the potential to be a complicated and

6    expensive matter involving multiple plaintiffs around the country"). "[W]hen the allegations in a

7    complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency

8    should . . . be exposed *at the point of minimum expenditure of time and money* by the parties and

9    the court.'" *Twombly*, 550 U.S. at 558 (citation omitted) (emphasis added). It is only by

10   requiring sufficient detail in the pleadings "that we can hope to avoid the potentially enormous

11   expense of discovery in cases with no reasonably founded hope that the [discovery] process will

12   reveal relevant evidence." *Id.* at 559 (quotations omitted); *see also In re Graphics Processing*

13   *Units Antitrust Litig.*, C-06-07417, 2007 WL 2127577, *5 (N.D. Cal. Jul. 24, 2007). For this

14   reason, allowing discovery prior to determining the sufficiency of allegations in cases involving

15   burdensome discovery would "defeat one of the rationales of *Twombly*." *In re Graphics*

16   *Processing Units Antitrust Litig.*, 2007 WL 2127577 at *4.

17        **B.    Plaintiff Fails to Allege Facts Stating an FLSA or NRS Claim**

18   The FAC does not remedy the shortcomings of the original Complaint. Plaintiff attempts

19   to manufacture a claim by alleging that Defendant's lawful rounding policy, when combined with

20   its lawful attendance policy, violates the FLSA and Nevada law. Plaintiff alleges in essence that

21   the "way Defendant implements its rounding policy, when combined with defendant's other work

22   place policies, favors the Defendant disproportionally." FAC ¶ 23. Plaintiff's theory fails,

23   however, because it lacks factual plausibility or legal support as required by *Twombly* and *Iqbal*.

24        **1.    It is Not Unlawful to Maintain Both Rounding and Attendance**
          **Policies**.
25

26   The Department of Labor has promulgated regulations explicitly approving the practice of

27   rounding time entries, including policies which round to the nearest 15 minute interval. 29 C.F.R.

28

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

§ 785.48(b).[2]  The *only allegation* in Plaintiff's original Complaint is that Defendant's rounding policy violates the FLSA.  In the FAC, Plaintiff attempts to circumvent the presumptive legality of Defendant's rounding policy by claiming that Defendant's attendance policy somehow taints its lawfulness.  Plaintiff concludes that Defendant's policy requiring employees to arrive at work on time (which Defendant defines as not more than three minutes after their scheduled shift start) renders the rounding policy unlawful because "the rounding favors the Defendant in almost every instance."  FAC ¶ 15-16.  But Plaintiff's theory requires the Court to assume, without any specific factual support or allegation, that employees necessarily lose time because they always clock in 4 to 7 minutes early and never clock in right at shift start or up to 3 minutes late.  The Court, however, has no basis to make such assumptions, especially when Plaintiff fails to allege that even he followed such a clock-in practice, and where the policy clearly allows employees to clock in a few minutes late as well as early.  *See Twombly*, 550 U.S. at 545-46 (holding that courts should not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions as a basis to proceed and may not assume that a plaintiff can prove facts he has not alleged).

    And, Plaintiff's theory is unsound on its face.  Employees can just as easily comply with Defendant's attendance policies by clocking in at the time of their scheduled shifts or up to 3 minutes after their scheduled shift start, and there is nothing in the quoted policies to impede them from doing so.  Because Plaintiff's entire theory relies upon speculation that is both implausible and false, he fails to state a claim for relief.  *See Iqbal*, 129 S.Ct. at 1949-50 ("only a complaint that states a plausible claim for relief survives a motion to dismiss").

    The FAC supplies only a broad, hypothetical legal theory devoid of the specific factual support required by *Twombly* and *Iqbal*.  *See Iqbal*, 129 S.Ct. at 1949-50 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

[2] As stated in Defendant's original Motion to Dismiss, the practice of rounding time entries to the nearest 15 minutes is presumptively legal.  29 C.F.R. § 285.48(b).  Furthermore, Section 10 of the FLSA provides that an employer who "pleads and proves that the act or omission complained of was in good faith, in conformity with and in reliance on any written administrative . . . interpretation" is insulated from liability.  29 U.S.C. § 259(a); 29 C.F.R. § 790.17(h).  Here, given the DOL's explicit approval of rounding policies, Defendant was entitled to employ a rounding policy and did so in good faith in conformity with the regulations.

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1   complaint has alleged – *but it has not shown* – that the pleader is entitled to relief."). Plaintiff's

2   claims must fail because his conclusory allegations fail to "raise the right of relief above the

3   speculative level." *Twombly*, 550 U.S. at 545; *see also Moss v. U.S. Secret Service*, 572 F.3d 962

4   (9th Cir. 2009) ("The plausibility standard … asks for more than a sheer possibility that a

5   defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with'

6   a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement

7   to relief.'" (quoting *Twombly*, 550 U.S. at 556-57).

8        Plaintiff's theory is completely devoid of any legal support. Plaintiff cannot point to any

9   federal or state law that supports his claim that a company attendance policy can render an

10  otherwise lawful rounding policy illegal. In fact, multiple federal district courts have rejected

11  allegations virtually identical to those here in reviewing comparable motions to dismiss. The

12  *Harding v. Time Warner, Inc.*, C-09cv1212, 2009 US Dist LEXIS 72851, *8-9 (S.D. Cal. Aug.

13  18, 2009) case is particularly instructive because, like here, the *Harding* plaintiff's original and

14  first amended complaints attempted to assert the same conclusory and unsound theory Plaintiff

15  alleges here –i.e. that the company's attendance policy effectively skewed the rounding policy in

16  Defendant's favor. Finding that the allegations were "generic and conclusory," the court

17  determined that the plaintiff had failed to state a claim upon which relief could be based <u>given</u>

18  <u>that the FLSA regulators expressly permit the practice of rounding to the nearest quarter hour</u>. *Id*.

19  at *11; 29 C.F.R. § 785.48(b). Accordingly, the court dismissed the entire original complaint. *Id*.

20  at *2-3, 11.

21       The *Harding* plaintiff then filed an amended complaint almost identical to the amended

22  complaint here, alleging that the defendant's lawful rounding policy, in conjunction with its

23  lawful attendance policy, somehow violated federal and state law. *Id.* at *3-4. The district court

24  there found that plaintiff's allegations were "not sufficient to plausibly suggest a violation of the

25  FLSA." *Id*. at *14. The court noted that the "First Amended Complaint does not contain specific

26  factual allegations which suggest that, in practice, Time Warner's [rounding and attendance]

27  policies resulted in Plaintiff and other employees being underpaid." *Id*. No such allegation exists

28  here either.

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1    Furthermore, there is no authority that supports Plaintiff's theory that rounding becomes

2    illegal when an employer also maintains an attendance policy.  Indeed, what employer does not

3    have a policy of requiring employees to be on time for work?  The DOL was certainly aware of

4    such standard attendance policies when it promulgated regulations recognizing and approving the

5    rounding of time entries up to the nearest 15 minutes.  Notably, the DOL does not condition the

6    legality of rounding practices on the existence, or lack thereof, of an attendance policy.

7    Because Plaintiff's theory does not support any actionable claim for relief under federal or

8    state law, Plaintiff's FAC must be dismissed.

9    ## 2.    Plaintiff Has Alleged No Facts to Support His Claims.

10    The FAC should also be dismissed because it is devoid of any factual support.  Plaintiff

11    has attempted to state a cause of action simply by quoting Defendant's workplace policies,

12    without providing any facts showing or even alleging that such policies actually harmed him.

13    Plaintiff's only factual allegations in the FAC mirror the insufficient allegations in the original

14    Complaint:  (1) Plaintiff was a "Warehouse Associate" employed by Defendant in the State of

15    Nevada; (2) Defendant required Plaintiff and other hourly warehouse employees to start and end

16    work on a set schedule; and (3) if Plaintiff or other employees clocked in or out before their

17    scheduled start/end time, Defendant had a policy to "round" employees' time to the nearest

18    quarter hour.  FAC ¶¶ 6, 12.

19    The FAC contains paragraph after paragraph of irrelevant, generic descriptions of

20    Defendant's workplace policies and conclusory assertions that do nothing to further his claim.

21    For instance, Plaintiff alleges that "[a]fter punching in and before punching out, the employee is

22    not free to do things other than work as assigned by the employer" (FAC ¶ 13); that Defendant

23    has the technology to record time to the minute (FAC ¶ 20); that managers advise employees

24    against taking breaks because it will lower their production rates (FAC ¶ 25); and that employees'

25    breaks include 9 minutes of walking to and from a break room (FAC ¶ 26).  Such allegations are

26    entirely irrelevant to whether Plaintiff was denied earned overtime because of a "rounding policy"

27    and are the type of conclusions which are "not entitled to the assumption of truth" pursuant to

28    *Iqbal*.  *Iqbal*, 129 S. Ct. at 1950.

DEFENDANT'S MOTION TO DISMISS
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

9

1    Federal courts all over the country have dismissed complaints predicated on similar

2    conclusory allegations pursuant to *Twombly* and *Iqbal*. For example, in *Zhong v. August Corp.*,

3    498 F.Supp.2d 625, 630 (S.D.N.Y. 2007), the court dismissed an FLSA overtime claim where the

4    plaintiff "merely alleged that he worked beyond 40 hours per week." *Id.* at 630 (internal citations

5    omitted). In dismissing the overtime claim, the court held that "[s]imply stating that [a plaintiff]

6    w[as] not paid for overtime work does not sufficiently allege a violation of Section 7 of the

7    FLSA." *Id.* (quoting *Acosta*, 1995 U.S. Dist. LEXIS at *11); *see also DeLeon v. Time Warner

8    Cable, LLC,* 2009 U.S. Dist. LEXIS 74345, *7-8 (C.D. Cal. July 17, 2009) (granting motion to

9    dismiss claims of failure to pay overtime, unpaid meal and rest breaks, and untimely payment of

10   wages, and holding that merely parroting statutory language and asserting conclusory statements

11   of liability fails to state a claim for violations of the California Labor Code); *Jones v. Casey's

12   Gen. Stores,* 538 F. Supp. 2d 1094, 1102-03 (S.D. Iowa 2008) (holding that plaintiffs' allegations

13   were simply too conclusory to satisfy the pleading standard as described in *Twombly* and

14   dismissing the FLSA minimum wage claim as "implausible on its face"); *Villegas v. J.P. Morgan

15   Chase & Co.*, 2009 U.S. Dist. LEXIS 19265 *12-14 (N.D. Cal. Mar. 6, 2009) (dismissing

16   plaintiff's overtime claim prior to the U.S. Supreme Court's ruling in *Iqbal* and rejecting

17   conclusory allegations that "Defendants were required to compensate their employees proper

18   overtime wages for overtime hours worked pursuant to California Labor Code § 1194" and that

19   plaintiff "did not receive properly computed overtime wages"); *Doe v. Wal-Mart Stores, Inc.*, 572

20   F.3d 677, 683 (9th Cir. 2009) (affirming a district court ruling granting a defendant's motion to

21   dismiss because plaintiffs' general statement that defendant exercised control over their day-to-

22   day employment was a conclusion, not a factual allegation stated with any specificity, and thus

23   did not support the conclusion that defendant was plaintiffs' employer). Because of Plaintiff's

24   utter lack of factual allegations to support his claims, Plaintiff's FAC should be dismissed.

25   ///

26   ///

27   ///

28   ///

DEFENDANT'S MOTION TO DISMISS                    10
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

1

**3.     This Court Should Dismiss Plaintiff's Second Claim Because There is No Private Right of Action Under Nevada Law for Unpaid Overtime and Plaintiff May Not Assert a Second, Duplicative FLSA Claim Predicated on Nevada Law.**

2

3

4      Plaintiff's original Complaint implicated only the overtime laws under the FLSA.  In the

5   FAC, Plaintiff adds a second FLSA claim which appears to be predicated on Nevada Revised

6   Statute ("NRS") § 608.018 which, like the FLSA, requires the payment of overtime wages.

7   Inexplicably, Plaintiff now appears to be seeking to represent both an opt-in collective class and

8   an opt-out Rule 23 class, both, however, for alleged violations of the FLSA.[3]  Plaintiff cannot be

9   making a claim directly under the NRS, because the Nevada Revised Statutes do not provide for a

10   private right of action.  Instead, any alleged violations of the wage-hour statutes must be

11   adjudicated by the Nevada Labor Commissioner.  *See Baldonado, v. Wynn Las Vegas*, 194 P.3d

12   96, 107 (Nev. 2008).  In *Baldonado*, the Nevada Supreme Court ruled that no private right of

13   action exists to prosecute violations of NRS §§ 608.160, 608.100, or 613.120.  *Id.* at 107.  The

14   reasoning behind this decision applies also to the overtime statute, NRS § 608.018, because that

15   section similarly "does not expressly mention whether employees may privately enforce [their]

16   terms."  *Baldonado*, 194 P.3d at 100; *see also Lucas v. Bell Trans*, 2009 U.S. Dist. LEXIS 72549

17   at *24 (D. Nev. June 24, 2009) ("NRS 608.018 does not have a similar civil remedy provision . . .

18   .").  Nevada courts have followed the reasoning in *Baldonado* to hold that violation or various

19   provisions of the NRS do not create a private right of action.  *See Williams*, 2007 U.S. Dist.

20   LEXIS 62396 at *13-14 (relying on Nevada Supreme Court decision and holding that "no private

21   cause of action exists for enforcement of NRS 608.019") (quoting *U.S. Design & Construction

22   Corp. v. Int'l Brotherhood of Electrical Workers*, 50 P.3d 170 (Nev. 2002)); *Leber v. Berkeley

23   Vacation Resorts, Inc.*, 2009 U.S. Dist. LEXIS 66928 *4 n.1 (D. Nev. July 27, 2009) (striking all

24   purported causes of action based on NRS § 608.019 because there was no private cause of

---

25   [3] Even if he could do so, bringing a Rule 23 class claim in addition to an FLSA collective claim would present significant manageability problems.  As this Court has previously noted, there is "no procedure that would

26   sufficiently address the practical difficulties inherent in simultaneously managing classes of opt-in and opt-out class members."  *Kirkpatrick v. Ironwood Commc'ns, Inc.*, 2006 U.S. Dist. LEXIS 79708 at *8 (W.D. Wash. November 1,

27   2006); *see also Williams v. Trendwest Resorts, Inc.*, 2007 U.S. Dist. LEXIS 62396 at *8-12 (D. Nev. August 20, 2007) (following long line of district and appellate court decisions and determining that "the class action mechanisms

28   of the FLSA and Rule 23 are incompatible").

DEFENDANT'S MOTION TO DISMISS                                    11
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1  action).  As no private right of action exists to remedy various claimed violations of Nevada law,

2  all of those allegations are simply irrelevant and certainly cannot form the basis of an FLSA

3  claim.  The FLSA provides remedies only for violations of the FLSA, not state laws.

4  **C.    In the Alternative, the Court Should Strike Plaintiff's Class Allegations.**

5  Under Federal Rule of Civil Procedure 12(f), a defendant may move to strike language

6  seeking relief that is not recoverable as a matter of law.  District courts also have the authority to

7  strike class allegations where the complaint on its face demonstrates that the class action cannot

8  be maintained.  *Bishop v. Saab Auto. A.B.*, 2009 U.S. Dist. LEXIS 117562, * 5 (N.D. Cal. 2009).[4]

9  The function of a motion to strike is to avoid the expenditure of time and money that might arise

10  from litigating spurious issues by dispensing with those issues prior to trial.  *Sidney-Vinstein v.*

11  *A.H. Robins, Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

12  **1.    This Court Should Strike Plaintiff's Class Allegations**

13  Whether in a class or collective action, "the relevant inquiry is whether the members of

14  the proposed class are similarly situated.  Plaintiff bears the burden of establishing that he is

15  similarly situated with the class he wishes to represent."  As such, even in a collective action, "it

16  is incumbent upon Plaintiff to propose a class that is sufficiently defined and manageable from

17  the outset."  *Freeman v. Wal-Mart Stores, Inc*., 256 F.Supp.2d 941, 945 (W.D. Ark. 2003)

18  (denying conditional certification of an alleged collective action because plaintiff failed to

19  identify a well-defined and manageable class).  The class definition "must meet a minimum

20  standard of definiteness which will allow the trial court to determine membership in the proposed

21  class.  Failure to meet this minimum standard entitles a court to dismiss the class allegations and

22  proceed with the action on an individual basis."  *Earnest v. GMC*, 923 F. Supp 1469, 1473 (N.D.

23  Ala. 1996) (granting defendant's motion to strike class allegations where plaintiff's class

---

[4]  Even before *Twombly*, courts recognized that class claims can be dismissed based upon insufficient pleadings.  *See Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) (Where "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims," courts may address class certification issues in a 12(b)(6) motion); *Kamm v. California City Dev. Co.*, 509 F.2d 205, 213 (9th Cir. 1975) (affirming dismissal of class allegations at the pleading stage); *Shabaz v. Polo Ralph Lauren Corp.*, 586 F.Supp.2d 1205, 1212 (C.D. Cal. 2008) (granting motion to strike portion of class allegations pursuant to Rule 12(f)); *Earnest v. GMC*, 923 F. Supp. 1469, 1473-74 (N.D. Ala. 1996) (granting motion to dismiss class allegations, concluding that "the proposed class definition is too vague and amorphous to be reasonably ascertainable").

DEFENDANT'S MOTION TO DISMISS
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

12

1  definition was insufficiently definite to determine membership in a proposed class). *See also*

2  *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)(declining to certify a class made up of

3  residents "active in the peace movement" because identification of members was not dependent

4  on objective criteria; *Mazur v. eBay, Inc*., 257 F.R.D. 563, 567 (N.D. Cal. 2009) (finding

5  plaintiffs' proposed class definition imprecise and unascertainable because plaintiffs provided no

6  objective system for identifying aggrieved class members); *O'Connor v. Boeing N. Am., Inc*., 184

7  F.R.D. 311, 319 (C.D. Cal. 1998) ("A class definition should be precise, objective, and presently

8  ascertainable…."); *Hicks v. Kaufman and Broad Home Corp*, 89 Cal.App.4th 908, 915 (2000)

9  (holding that a class must be defined "in terms of objective characteristics and common

10  transactional facts making the ultimate identification of class members possible."); <u>Manual for

11  Complex Litigation (Fourth)</u>, § 21.222 (2004) ("An identifiable class exists if its members can be

12  ascertained by reference to objective criteria. The order defining a class should avoid subjective

13  standards (*e.g*., plaintiff's state of mind) or terms that depend on resolution of the merits (*e.g*.,

14  persons who were discriminated against).").

15      "A class's definition will be rejected when it 'requires addressing the central issue of

16  liability in a case' and therefore inquiry into whether a person is a class member 'essentially

17  require[s] a mini-hearing on the merits of each [plaintiff's] case." *Noble v. 93 Univ. Place Corp*.,

18  224 F.R.D. 330, 338 (S.D.N.Y 2004)(quoting *Selby v. Principal Mut. Life Ins. Co.*, 197 F.R.D.

19  48, 55 (S.D.N.Y. 2000)).  An objectively defined class is one that "does not implicate the merits

20  of the case or call for individualized assessments to determine class membership."  *Stewart v.*

21  *Cheek & Zeehandelar, LLP*, 252 F.R.D. 387, 391 (S.D. Ohio 2008).

22      Here, the collective class allegations included in the FAC should be stricken because the

23  class is not objectively defined.  Instead, Plaintiff's proposed collective class definition is

24  confusing and requires addressing the central issue of liability in the case.  Plaintiff proposes a

25  collective class of:

26      all persons who were, are, or will be employed by AMAZON as "Warehouse
       Associates", including any of the Defendant's job positions with substantially
27      similar titles and duties in the United States within the three years preceding the
       filing of this Complaint to the date of entry of judgment, <u>who clocked in</u> to work
28

DEFENDANT'S MOTION TO DISMISS                    13
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

at any interval of time before or after their scheduled start time and/or <u>who clocked out</u> of work at any interval of time before or after their scheduled end time, <u>and who were not compensated for such time including but not limited to all "Warehouse Associates" who were not provided all the compensated non-working time required by state law for breaks and meals.</u>[5]

FAC ¶ 3 (emphasis added).  To determine who is a part of this proposed class, the court would have to determine <u>when</u> each putative class member clocked in and out of work, <u>whether</u> they performed work at any times they were not on the clock, <u>whether</u> they were compensated for that time, and <u>whether</u> they were provided meal and rest breaks required by state law.[6]  The proposed definition does not create a means to objectively identify class members, but rather requires individualized assessments of the merits of the case (and the merits of claims not even in the case — *e.g.* meal and rest break violations) to ascertain who would be in the putative class *ab initio*. Because it is impossible to identify the members of the class without addressing the merits of each class member's case, all collective allegations should be stricken.  *See Noble*, 224 F.R.D. at 338.  Specifically, the Court should strike the following allegations on the ground that the proposed class is not objectively defined:

a)      Paragraph 3, Page 2, Lines 11 through 19;

b)      Paragraph 4, Page 2, Lines 21-22;

c)      Paragraph 4, Page 3, Lines 1-2;

d)      Paragraph 6, Page 3, Line 14;

e)      Paragraph 7, Page 3, Lines 17-21;

f)      Paragraph 9, Page 3, Lines 25-26 through Page 4, Lines 1-7;

i)      Paragraph 10, Page 4, Lines 8-15;

j)      Paragraph 12, Page 5, Lines 5-6; Paragraph 12, Page 5, Lines 6-7; Paragraph 12, Page 5, Lines 7-8; Paragraph 24, Page 8, Lines 10-11; Paragraph 24, Page 8, Line 14; Paragraph

---

[5] Plaintiff's "Nevada state sub-class" (which presumably is making the second FLSA claim impermissibly predicated on supposed violations of Nevada law) is similarly defined.

[6] Defendant does not know what is meant by the odd phrase "who were not provided all the compensated non-working time required by state laws for breaks and meals."  However, it appears that Plaintiff has folded into his class definition the concept expressed elsewhere in the FAC that Defendant did not comply with Nevada break requirements.

DEFENDANT'S MOTION TO DISMISS
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

14

1    25, Page 8, Line 18; First Cause of Action, Page 9, Line 23; Paragraph 35, Page 10, Lines 18-19;

2    Paragraph 36, Page 10, Lines 22-23; Paragraph 36, Page 10, Line 25; Paragraph 38, Page 11,

3    Lines 3-5; and Paragraph 39, Page 11, Line 6;

4           k)      Second Cause of Action, Page 11, Line 16; and Paragraph 44, Page 12, Line 6;

5           l)      Prayer for Relief 1, Page 12, Lines 15-16; Prayer for Relief 2, Page 12, Lines 17-

6    19; and Prayer for Relief 4, Page 12, Line 24.

7                    **2.      This Court Should Strike Plaintiff's Allegations Regarding Nevada
                     State Laws and Meal and Rest Breaks as Irrelevant.**

8

9           Plaintiff's allegations in the FAC regarding Nevada state laws, including his allegations

10   that Defendant failed to provide breaks as required by Nevada state law, should all be stricken as

11   irrelevant.  As discussed above, the Nevada Revised Statutes do not provide for a private right of

12   action for any of these claimed violations.  *Baldonado*, *v. Wynn Las Vegas*, 194 P.3d 96, 107

13   (Nev. 2008).  Apparently aware that he has no private cause of action under Nevada state law,

14   Plaintiff does not attempt to allege a claim for missed breaks.  As these allegations are not tied to

15   any claim, they are irrelevant and unnecessarily complicate the pleadings and obfuscate the

16   claims asserted.  The following allegations should therefore be stricken:

17          a)      Paragraph 3, Page 2, Line 17 through 19;

18          b)      Paragraphs 4 and 5, Page 2, Line 20 through Page 3, Line 5;

19          c)      Paragraphs 8, 9 and 10, Page 3, Line 22 through Page 4, Line 15;

20          d)      Paragraph 25, Page 8, Lines 17 through 24;

21          e)      Paragraph 26, Page 8, Line 25 through Page 9, Line 7;

22          f)      Paragraph 42, Page 11, Lines 18-21;

23          g)      Paragraph 43, Page 11, Lines 22 through Page 12, Line 5;

24          h)      Paragraph 44, Page 11, Lines 6-11;

25          i)      Prayer, Paragraph 2, Page 12, Lines 17 through 19; and

26          j)      Prayer, Paragraph 4, Page 12, Lines 23 through 25

27   **V.      CONCLUSION**

28          For all the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed

DEFENDANT'S MOTION TO DISMISS                           15
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1  with prejudice for failure to state a claim upon which relief may be granted.  In the alternative,

2  Plaintiff's class allegations and allegations regarding Nevada state law should be stricken from

3  the First Amended Complaint.

4

5  Dated: February 26, 2010                    MORGAN, LEWIS & BOCKIUS LLP

6

7  By _____ /s/ Theresa Mak _____
                        Theresa Mak

8  REBECCA EISEN, State Bar No. 96129
   THERESA MAK, State Bar No. 211435
9  *Admitted pro hac vice*
   MORGAN, LEWIS & BOCKIUS LLP
10 One Market, Spear Street Tower
   San Francisco, CA  94105-1126
11 Tel:  415.442.1000
   Fax:  415.442.1001
12 reisen@morganlewis.com
   tmak@morganlewis.com
13

14 RICHARD G. ROSENBLATT, State Bar No.
   RR6720
15 *Admitted pro hac vice*
   MORGAN, LEWIS & BOCKIUS LLP
16 502 Carnegie Center
   Princeton, NJ  08540-6241
17 Tel:  609.919.6600
   Fax:  609.919.6701
18 rrosenblatt@morganlewis.com

19 HARRY KORRELL, State Bar No. 23173
   DAVIS WRIGHT TREMAINE LLP
20 1201 Third Avenue, Suite 2200
   Seattle, WA  98101-3045
21 Tel:  206.757.8080
   Fax:  206.757.7700
22 harrykorrell@dwt.com

23 Attorneys for Defendant
   AMAZON.COM INC.

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS
AND/OR IN THE ALTERNATIVE, MOTION
TO STRIKE Case No. C-09-1679 JLR                    16                    MORGAN, LEWIS & BOCKIUS LLP
                                                                          ONE MARKET, SPEAR STREET TOWER
                                                                          SAN FRANCISCO, CA 94105
                                                                          TEL: (415) 442-1000
                                                                          FAX: (415) 442-1001

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on this date I served true and correct copies of the foregoing
document(s) on parties and their counsel of record, in the manner indicated:

3

4

5   Matthew J. Ide, WSBA No. 26002          ☐ Via Messenger
    IDE LAW OFFICE                          ☒ Via ECF Notification
6   801 Second Avenue, Suite 1502           ☐ Via Electronic Mail
    Seattle, WA 98104-1500                  ☐ Via U.S. Mail
7   Tel: (206) 625-1326                     ☐ Via Overnight Delivery
    Fax: (206) 622-0909
8   email: mjide@yahoo.com

9   David R. Markham, CA Bar No. 071814     ☐ Via Messenger
    CLARK & MARKHAM LLP                     ☒ Via ECF Notification
10  600 "B" Street, Suite 2130              ☐ Via Electronic Mail
    San Diego, CA 92101                     ☐ Via U.S. Mail
11  Tel: (619) 239-1321                     ☐ Via Overnight Delivery
    email: dmarkham@clarkmarkham.com
12

13  Mark R. Thierman, NV Bar No. 8285       ☐ Via Messenger
    THIERMAN LAW FIRM                       ☒ Via ECF Notification
14  7287 Lakeside Drive                     ☐ Via Electronic Mail
    Reno, NV 89511                          ☐ Via U.S. Mail
15  Tel: (775) 284-1500                     ☐ Via Overnight Delivery
    email: laborlawyer@pacbell.net
16

17  Walter Haines, CA Bar No. 071074        ☐ Via Messenger
    UNITED EMPLOYEES LAW GROUP,             ☒ Via ECF Notification
18  PC                                      ☐ Via Electronic Mail
    65 Pine Avenue, #312                    ☐ Via U.S. Mail
19  Long Beach, CA 90802                    ☐ Via Overnight Delivery
    Tel: (877) 696-8378
20  email: walterhaines@uelglaw.com

21

22  Dated this 26th day of February 2010

23

24                      /s/  Theresa Mak
                        Theresa Mak
25

26  DB2/21560898.7

27

28

DEFENDANT'S MOTION TO DISMISS           17        MORGAN, LEWIS & BOCKIUS LLP
AND/OR IN THE ALTERNATIVE, MOTION                 ONE MARKET, SPEAR STREET TOWER
TO STRIKE Case No. C-09-1679 JLR                  SAN FRANCISCO, CA 94105
                                                  TEL: (415) 442-1000
                                                  FAX: (415) 442-1001