UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| RICHARD AUSTIN, an individual, on behalf of himself, the general public, and all others similarly situated, | Case No. 2:09–cv–01679–JLR |
|---|---|
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| vs. | **ORAL ARGUMENT REQUESTED** |
| AMAZON.COM, INC., a Delaware Corporation authorized to do business in the State of Washington, | |
| Defendant. | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CASE NO.: 2:09–cv–01679–JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................1

II.   STATEMENT OF FACTS.....................................................................2

III.  ARGUMENT....................................................................................6

      A.    APPLICABLE LEGAL STANDARD.................................................6

      B.    PLAINTIFF HAS SUFFICIENTLY PLEADED THAT AMAZON'S
            ALLEGED CONDUCT VIOLATES THE PROVISIONS OF THE
            FAIR LABOR STANDARDS ACT...................................................7

            1.    29 C.F.R. 785.48(b) Does Not Provide a Safe Harbor for Amazon.......7

            2.    Rounding Practices That Favor The Employer Are Unlawful...........10

            3.    Pursuant to 29 C.F.R. § 785.19, A Lunch Break of Less Than
                  30 Minutes Is Compensable...................................................11

      C.    NEVADA HAS A PRIVATE RIGHT OF ACTION FOR FAILURE TO
            PAY OVERTIME AND WAGES DUE FOR ALL HOURS WORKED.......12

      D.    A NEVADA OPT-OUR CLASS AND AN FLSA OPT-IN CLASS
            IS APPROPRIATE.....................................................................14

      E.    PLAINTIFF HAS PLEADED SUFFICIENT FACTS TO SUPPORT
            HIS CLAIMS............................................................................17

      F.    THE CLASS DEFINITION IS SUFFICIENT FOR PLEADING
            PURPOSES..............................................................................18

IV.   CONCLUSION.................................................................................21

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - i
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Wackenhut Corp.,*
 2008 U.S. Dist. LEXIS 94357, 21-22 (S.D. Miss. 2008)....................................10

*Bailey v. Robinson,*
 No. C08-1020-RSL, slip op. at 2 (W.D. Wash. Mar 12, 2009)............................6, 7

*Baldonado v. Wynn Las Vegas,*
 194 P.3d 96, 107 (Nev. 2008)..........................................................................12, 13

*Bahramipour v. Citigroup Global Mkts., Inc.,*
 No. C 04-4440, 2006 U.S. Dist. LEXIS 9010....................................................15

*Barnett v. Wash. Mut. Bank, FA,*
 2004 U.S. Dist. LEXIS 18491 (N.D. Cal. Sept. 9, 2004)....................................15

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007)....................................................6, 7

*Beltran-Benitez v. Sea Safari, Ltd.,*
 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001).......................................................14

*Bouder v. Prudential Fin., Inc.,*
 2009 U.S. Dist. LEXIS 112442 (D.N.J. Dec. 2, 2009)........................................16

*Campbell v. Price WaterhouseCoopers,*
 2008 U.S. Dist. LEXIS 75756 (E.D. Cal. Aug. 14, 2008)...................................15

*Conley v. Gibson,*
 355 U.S. 41, 47 (1957)....................................................................................6

*Connolly v. Smugglers' Notch Mgmt. Co.,*
 2009 U.S. Dist. LEXIS 104991 (D. Vt. Nov. 5, 2009)........................................18

*DeSoto v. Yellow Freight Sys., Inc.,*
 957 F.2d 655, 658 (9th Cir. 1992)....................................................................7

*Doe v. United States,*
 419 F.3d 1058, 1062 (9th Cir. 2005).................................................................6

*Donovan v. Bel-Loc Diner, Inc.,*
 780 F.2d 1113, 1115 n.1 (4th Cir. 1985)...........................................................11

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - ii
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

*Dura Pharm., Inc. v. Bourdo,*
    544 U.S. 336, 347, 125 S. Ct. 1627 (2005)........................................................6

*Erickson v. Pardus,*
    551 U.S. 89, 127 S. Ct. 2197, 2200 (2007)......................................................6

*Eyles v. Uline, Inc.,*
    2009 U.S. Dist. LEXIS 81029 (N.D. Tex. Sept. 4, 2009).....................................10

*Flores v. Albertson's Inc.,*
    No. CV 01-00515, 2003 U.S. Dist. LEXIS 26857 (C.D. Cal. Dec. 9, 2003)...............15

*Foman v. Davis,*
    371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)....................................7

*Greene v. Robert Half Int'l, Inc.,*
    2006 U.S. Dist. LEXIS 97050 (N.D. Cal. Mar. 28, 2006)....................................15

*Harding v. Time Warner, Inc.,*
    C-09cv1212, 2009 US Dist. LEXIS 72851, *8-9 (S.D. Cal. Aug. 18, 2009)...........9, 10

*Hernandez v. Mendoza,*
    199 Cal. App. 3d 721, 728 (Cal. App. 2d Dist. 1988)........................................20

*Kelley v. SBC, Inc.,*
    No. 97-cv-2729 CW, 1998 U.S. Dist. LEXIS 18643, at 37-38
    (N.D. Cal. Nov. 13, 1998).......................................................................14

*Kirkpatrick v. Ironwood Communis., Inc.,*
    2006 U.S. Dist. LEXIS 79708 (W.D. Wash. Nov. 1, 2006).................................15

*Lindsay v. Gov't Empls. Ins. Co.,*
    448 F.3d 416, 425 (D.C. Cir. 2006).............................................................15

*Longcrier v. HL-A Co., Inc.*
    595 F. Supp. 2d 1218, 1221 (S.D. Ala. 2008)...................................................5

*Lucas v. Bell Trans,*
    2009 U.S. Dist. LEXIS 72549 (D. Nev. June 23, 2009)...................................2, 12

*O'Brien v. Encotech Constr. Servs. Inc.,*
    203 F.R.D. 346, 352 (N.D. Ill. 2001)...........................................................14

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - iii
CASE NO.: 2:09−cv−01679−JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

*Madrid v. Peak Constr., Inc.,*
　　2009 U.S. Dist. LEXIS 77493 (D. Ariz. July 22, 2009)...........................................15

*McElmurry v. US Bank Nat'l Ass'n,*
　　2004 U.S. Dist. LEXIS 15233 (D. Or. July 27, 2004)...............................9, 15, 21

*McLaughlin v. Liberty Mutual Ins.,*
　　224 F.R.D. 304, 308 (D. Mass. 2004)...........................................................14

*Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,*
　　40 F. 3d 247, 251 (7th Cir. 1994).................................................................7

*Scheuer v. Rhodes,*
　　416 U.S. 232, 236, 94 S. Ct. 1683 (1974).......................................................6

*Takacs v. A.G. Edwards & Sons, Inc.,*
　　444 F. Supp. 2d 1100, 1116-18 (S.D. Cal. 2006)..............................................15

*Turcotte v. Renton Coil Spring, Co.,*
　　2008 U.S. Dist. LEXIS 80086 (W.D. Wash. Oct. 8, 2008)...................................16

*Zhong v. August August Corp.,*
　　498 F.Supp.2d 625 (S.D.N.Y. 2007)............................................................17

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - iv
CASE NO.: 2:09–cv–01679–JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

# I. INTRODUCTION

Plaintiff, RICHARD AUSTIN, on behalf of himself, the general public, and all others similarly situated, brought a collective action under the federal Fair Labor Standards Act, 29 U.S.C. §216(b), on behalf of all hourly paid "Warehouse Associates" in the United States employed by defendant AMAZON.COM, INC. (hereinafter, "AMAZON") because various Amazon employment policies and practices combine to deny its hourly warehouse workers compensation for all time actually worked. Amazon's policy is to round off time to the nearest 15-minute interval for purposes of calculating payroll. Because of its other management/ production policies, however, the aforesaid rounding off never favors the employee, but instead always favors the employer. As a result, Amazon is routinely and systematically mandating up to fifteen minutes per day (up to 7.5 minutes at the beginning of the shift, and 7.5 minutes at the end) of uncompensated working time per hourly warehouse employee. In addition, Amazon's rounding policies result in meal breaks of less than an uninterrupted 30 minutes, which under the Fair Labor Standards Act regulations means that this time must be compensated as well. As stated in the complaint, this is not a *de minimis* amount of time either in the aggregate or per employee.

Contrary to Defendant's assertions, there is no U.S. Department of Labor (DOL) rule or regulation that allows Amazon to gerrymander the rules on rounding time with other company rules for clocking in early or late so that the net result mostly, if not always, benefits the employer. Indeed, the rounding policies of the DOL are premised on the expectation that the benefit of each incidence of rounding will fluctuate evenly between the employee and the employer, and therefore net out between them. In short, the regulations require that the employer pay for all hours worked, and do not permit or countenance the employer to achieve a net gain in unpaid work through "rounding" practices.

The class is well defined as those hourly employees called "warehouse associates" who are subject to Defendant's skewed and unlawful rounding of time policies. In states that have no

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

1 | separate labor law requiring payment for this time, this is an opt-in FLSA class.  In some states,
2 | like Nevada[1] and New York, the state statutory law emulates the FLSA, while in other states,
3 | like Washington and California, the hours worked and overtime laws are more favorable to
4 | employees.  Therefore, in states with laws more favorable to employees for which there is a
5 | representative plaintiff (like Nevada, at present), there is a traditional Rule 23 type class for the
6 | state law claims as well.[2]  For reasons more fully stated hereinafter, the Defendant's motion to
7 | dismiss should be denied.

## II. STATEMENT OF FACTS

For purposes of this motion, the Court should assume that Plaintiff can prove each fact alleged in the complaint, and must draw all reasonable inferences in favor of the Plaintiff, including finding that the complaint can be amended to state any facts necessary to complete a cause of action.

The essence of the complaint is that Amazon has a policy of rounding time for pay purposes – even though Amazon actually records time to the exact minute – to the nearest fifteen minute interval.  At the same time, Amazon disciplines employees who come in too early or too late, and the early and late cutoffs are asymmetrical.  This means that at the beginning of a shift, employees can clock in up to – but not more than – 7.5 minutes early, and this time, under Amazon's policies, will be rounded to the scheduled shift time.  That same employee, however, will be disciplined if he or she clocks in more than three minutes late.  This disparity leads to

---

[1] Nevada requirements for exhaustion of the labor commissioner's remedy only apply in non-wage cases (like tips and work rules) and not where, as in the case of failure to pay a minimum wage, the statute itself expressly gives a private cause of action, on a traditional opt-out Rule 23 basis. As stated in *Lucas v. Bell Trans*, 2009 U.S. Dist. LEXIS 72549 (D. Nev. June 23, 2009) * 14: "In sum, there is no general private right of action for all of the provisions found in Chapter 608. .... In most cases, a private party must first file a complaint with the Labor Commissioner and obtain a decision from the Commissioner before bringing any kind of lawsuit in court. Nevertheless, Chapter 608 does contemplate a private right of action for the recovery of unpaid wages that the employee has earned." (emphasis added).

[2] Plaintiff seeks permission to amend the heading of the Second Cause of Action in the First Amended Complaint to correct a clerical error, so that the heading reflects a Nevada state cause of action for violation of Nevada's wage and hour laws, as is intended and as is plainly pled in the paragraphs following that incorrect heading.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 2
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

rounding that, contrary to DOL expectations, does not even out, but instead inevitably favors the employer.

At the end of the shift, Amazon simply refuses to allow employees to leave early. This means that the "rounding" of time at the end of a shift will almost always be to Amazon's benefit, and not the employee's. This is because there is no way to "even out" the rounding of time in Amazon's favor that occurs when the employee clocks out between the scheduled shift end and 7.5 minutes after the shift end – this will always be "free" time to Amazon. Moreover, for two reasons, employees also are unlikely to benefit from any rounding that might occur in the employee's favor for clocking out between 7.5 minutes and 15 minutes after shift end. One is simply the practical effect of workers being motivated to punch out and go home at the end of a shift. The other, however, is the combined impact of Amazon's policies and culture that, in effect, casts suspicion upon an employee that the employee is lingering if he or she punches out more than seven minutes after the shift ends. Likewise, these two factors prevent employees from having an uninterrupted 30 minutes for a meal break because the employee is pressured not to leave the work area early and cannot clock back in late, whereas the employee can leave late and clock in early from lunch.

The impact of Amazon's practice of "rounding" disproportionally benefits Amazon to the detriment of its employees by making employees work "off the clock." This is pleaded in detail at paragraphs 12 through 28 of Plaintiff's First Amended Complaint (subtitled "THE CONDUCT"). The First Amended Complaint also includes evidence of the offending policy from Amazon's own handbook (Exhibit A), which shows that the policy applies company-wide, nationally. While it is redundant to quote the entire First Amended Complaint, the essence of the claim can be seen from the following:

> When Mr. AUSTIN and/or other members of the Collective Class clocked in or out before their scheduled start/end time, it was the defendant's policy to "round" their time to the nearest quarter hour. A copy of the Defendant's official "Rounding Policy" is attached hereto as Exhibit A. [¶] By itself, the Defendant's rounding practice appears to be

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

facially neutral but in practice by policy and/or design, the rounding favors the Defendant in almost every instance because of the Defendant's other work rules. [¶] Specifically, as a matter of both policy and universal practice, the employee is prohibited from clocking in more than seven minutes early, and is not allowed to clock in more than seven minutes late without risk of discipline. [quotes from Amazon's policy are omitted for sake of brevity.] [¶] And if the employee clocks in only three minutes and one second after the shift begins, he or she is subject to discipline. [¶] Likewise, whenever the employee might be benefited from the rounding system at the end of the working day, the Defendant's policies and practices prohibit the rounding principle to apply in favor of the employee. [FAC ¶¶ 12-17.]

In an excess of caution, the First Amended Complaint reiterates that the combination of the employer's working policies with its rounding / time keeping polices have the net effect of forcing the employee to routinely work "off the clock." In the First Amended Complaint, the Plaintiff states:

In other words, as a matter of company management policy, Defendant does not usually allow its hourly warehouse employees to stop working until exactly punch out time. Then and only then are the employees allowed to put away their equipment and supplies and head toward the time-clock. This takes about five to seven minutes, another 7-minute at the end of the day that Defendant does not pay their employees for. If the employee does take more than seven minutes from being released to put his tools away and punch out, he or she is likewise subject to employer discipline. Thus, there is no way to punch out before the end of the shift, and if an employee punches out more than seven minutes after the shift (thus rounding in the employee's favor), the employee is automatically detected and subject to discipline. [FAC ¶ 18.]

And, at the risk of being further repetitive, the First Amendment Complaint states:

Defendant's policy uses a record of minute by minute increments of work to "round" up or down, and to flag employees who are clocking in more than seven minutes before the start time or more than seven minutes after the ending time. The "flagging" leads to discipline, so that employees are essentially policed from rounding which favors the employees but not policed from rounding that favors the company, which is expected. As stated in Defendant's policy at Exhibit A, "Rounding does not refer to nor affect whether a particular entry or departure is an attendance infraction; it

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 4
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

only refers to the start or completion time that will be used for payroll purposes." [FAC ¶ 20.]

Finally, the First Amended Complaint states that the rounding policy combined with the three minute rule also forces employees to lose time from their 30-minute meal period, which makes the entire half hour compensable time under the FLSA, 29 C.F.R. § 785.19. (Less than a 30-minute uninterrupted meal period is not "bona fide" under federal law, which makes the entire 30 minutes compensable. *See, e.g. Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1221 (S.D. Ala. 2008).

Although the class definition may be modified by the time conditional certification is requested, or the Court itself may decide to modify the requested class description, the complaint gives Amazon adequate notice of the proposed class. The First Amended Complaint clearly defines the proposed class as:

> [A]ll persons who were, are, or will be employed by AMAZON as "Warehouse Associates", including any of the Defendant's job positions with substantially similar titles and duties in the United States within the three years preceding the filing of this Complaint to the date of entry of judgment, who clocked in to work at any interval of time before or after their scheduled start time and/or who clocked out of work at any interval of time before or after their scheduled end time, and who were not compensated for such time including but not limited to all "Warehouse Associates" who were not provided all the compensated non-working time required by state law for breaks and meals (hereinafter "Collective Class"). [FAC ¶ 3.]

In sum, the class is all hourly warehouse workers subject to Defendant's rounding policies; the resulting consequences of Defendant's policies is merely a matter of damages.

The First Amended Complaint alleges that the Plaintiff himself is a member of the class, and was damaged by the conduct complained of therein, when it states, in paragraph 24 that "Mr. AUSTIN and other members of the Collective Class regularly were required to work 'off the clock' as set forth hereinabove that entitles them to compensation therefore." In addition, paragraph 6 of the First Amended Complaint states that:

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 5
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

Plaintiff RICHARD AUSTIN ("Plaintiff") alleges that at all material times mentioned herein, he is and was: (a) An individual who resides in Las Vegas, Nevada; (b) Employed as a "Warehouse Associate" for defendant AMAZON in the State of Nevada from approximately September 2008 to approximately August 2009; (c) Worked more than forty (40) hours in any given week; (d) Did not receive overtime compensation for all hours worked over forty (40) hours in any given week; and (e) Is a member of the Collective Class as defined in Paragraph 3 of the amended complaint.

## III. ARGUMENT

### A.    APPLICABLE LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). The notice pleading rules are not meant to impose a great burden on a Plaintiff. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347, 125 S. Ct. 1627 (2005). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Id.* (quotation marks partially omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007), which was quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"On a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). *Accord Erickson*, 127 S. Ct. at 2200, *Bell Atlantic*, 127 S. Ct. at 1965; *Scheuer v. Rhodes*, 416 U. S. 232, 236, 94 S. Ct. 1683 (1974). A defendant's incorrect assertions or failure to acknowledge the complaint's allegations do not provide a basis for dismissal. *See Bailey v. Robinson*, No. C08-1020-RSL, slip op. at 2 (W.D. Wash. Mar 12, 2009).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 550 U.S. at 127 S. Ct. at

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 6
CASE NO.: 2:09−cv−01679−JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

1 | 1965 (citing *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F. 3d 247, 251 (7th

2 | Cir. 1994)). *See also Sanjuan*, 40 F.3d at 251 ("One pleads a 'claim for relief' by briefly

3 | describing the events. At this stage the plaintiff receives the benefit of imagination, so long as

4 | the hypotheses are consistent with the complaint.") (citing *Conley*, 355 U.S. at 45-46).

5 | Ultimately, "[n]o claim should be dismissed unless the complaint, taken as a whole, fails to give

6 | rise to a plausible inference of actionable conduct." *Bailey*, slip op. at 2 (citing *Bell Atlantic*,

7 | 127 S. Ct. at 1965).

8 |      Should the Court should find any of Plaintiff's claims to be deficient, Plaintiff requests

9 | leave to amend the complaint. The Court should "freely give" leave to amend when there is no

10 | "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the

11 | opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R.

12 | Civ. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

13 |

14 | Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint

15 | cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th

16 | Cir. 1992).

17 |     **B.    PLAINTIFF HAS SUFFICIENTLY PLEADED THAT**

18 |              **AMAZON'S ALLEGED CONDUCT VIOLATES THE PROVISIONS**
             **OF THE FAIR LABOR STANDARDS ACT**

19 |     **1.    29 CFR 785.48(b) Does Not Provide a Safe Harbor for Amazon**

20 |      29 CFR 785.48(b) does not offer Amazon a safe harbor. First, the provision is merely a

21 | statement of enforcement policy; it does not purport to be an interpretation of the law, or even

22 |

23 | state that such a rounding practice is legal. It merely indicates that the DOL will not use its

24 |

25 |

26 |

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

resources to enforce a rounding policy that nets out to zero.[3] Plaintiff is a private party and not subject to the budgetary limitations of a federal agency. Nothing prevents a Plaintiff from acting independently. By analogy, while the SEC might decide to actively pursue securities fraud cases of only a certain minimum size, the SEC's enforcement position would in no way prevent defrauded investors from pursuing their own rightful claims for smaller losses.

Secondly, 29 CFR 785.48(b) is based upon an articulated expectation that is not present here. The regulation provides: "Presumably, this arrangement averages out <u>so that the employees are fully compensated for all the time they actually work</u>." (Emphasis added.) In this case, as set out in the FAC, employees are <u>not</u> fully compensated for all of the time they actually work. Not only does the FAC identify the method used to skew the rounding systematically in favor of the employer, it specifically asserts that the employees who punch in early without compensation are working, and therefore must be paid:

> While clocked in prior to and/or after their scheduled start/end times, Mr. AUSTIN and other members of the Collective Class were subject to the control of AMAZON and engaged in activities that were (1) not undertaken for their own convenience (2) necessary for the performance of their duties for AMAZON and (3) integral and indispensable to their principal activities. Despite this, Mr. AUSTIN and other members of the Collective Class regularly were required to work "off the clock" as set forth hereinabove that entitles them to compensation therefore. [FAC ¶ 24.]

Third, and most importantly, 29 CFR 785.48(b) states that the employer may not benefit from the rounding system in the aggregate. "For enforcement purposes this practice of computing working time will be accepted, <u>provided that it is used in such a manner that it will</u>

---

[3] 29 CFR 785.48 is not an administrative opinion on the merits upon which an employer may rely. It is merely an enforcement policy, and, as shown, it is predicated on the net effect of rounding being zero over the long run, a condition which is not met by Amazon's practices.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 8
CASE NO.: 2:09–cv–01679–JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 CFR 785.48(b) (emphasis added). *See also McElmurry v. US Bank Nat'l Ass'n*, 2004 U.S. Dist. LEXIS 15233 (D. Or. July 27, 2004) ("A rounding policy or practice that consistently resulted in a rounding down of hours would likely violate the FLSA").

Plaintiff has alleged that Amazon has used the rounding practice exactly as it should not: in such a manner as to result, over a long period of time, in Amazon's failure to compensate employees properly for all the time they actually worked. For example:

> This rounding is not de minimis ... [T]he amount of daily time spent on the additional work is not insignificant to the employee. In any given day, the employee can be deprived of 14 minutes of paid overtime. Anything more than 10 minutes per day is prima facie unreasonable, and rounding off even five minutes per day is excessive when the employer has the exact time data and simply chooses not to use it for purposes of calculating hours worked. ... Third, the practice of rounding against the employee is a regular practice, enshrined in company policy rather than a rare or random event. And finally, the size of the aggregate claim is very large. Plaintiffs estimate that the rounding results in an estimated 20 million dollars a year of unpaid overtime work for the class. ... Fourth, the practice is regular and universal as evidenced by Defendant's policy. The way Defendant implements its rounding policy, when combined with Defendant's other work place policies, favors the Defendant disproportionally. [FAC ¶¶ 20-23.]

Contrary to Amazon's assertion, *Harding v. Time Warner, Inc.*, C-09cv1212, 2009 US Dist LEXIS 72851, *8-9 (S.D. Cal. Aug. 18, 2009), does not stand for the proposition that a fifteen minute rounding off policy cannot violate the FLSA. In fact, the decision implies just the opposite, as the case was dismissed *without* prejudice, meaning that it did not terminate the case but merely required more specific pleading for the cause of action based upon rounding that favors the employer. Here, Plaintiff specifically alleges that he was underpaid when he worked for Amazon at its Nevada facility (worked "off the clock" without compensation), and that his pay records were inaccurate when compared to the actual punch in/punch out times recorded by

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 9
CASE NO.: 2:09–cv–01679–JLR

the company. The First Amended Complaint gives specific examples of how Defendant underpaid Plaintiff, including the company's practice of "flagging" or disciplining him if he punched out more than three minutes after shift end, while refusing to pay him for up to seven minutes of work after shift end. These are exactly the sort of allegations that the Court found missing in the *Harding* case:

> The First Amended Complaint does not contain specific factual allegations which suggest that, in practice, Time Warner's policies resulted in Plaintiff and other employees being underpaid. Cf. 29 C.F.R. § 785.48(b) ("It has been found that in some industries, ... there has been the practice for many years of recording the employees' starting time and stopping time to the nearest ... quarter of an hour. Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work.").

*Harding v. Time Warner, Inc.*, 2010 U.S. Dist. LEXIS 5896 (S.D. Cal. Jan. 26, 2010) *14 (dismissing amended complaint without prejudice).

### 2. Rounding Practices That Favor The Employer Are Unlawful

Rounding practices that favor the employer have been deemed unlawful. For example, in *Eyles v. Uline, Inc.*, 2009 U.S. Dist. LEXIS 81029 (N.D. Tex. Sept. 4, 2009) the Court held that rounding practices that favor the employer do not meet the caveat of 29 CFR 785.48(b). When granting summary judgment in the Plaintiff's favor on the grounds that the rounding practices resulted in overtime payments being due, the *Eyles* Court stated:

> The summary judgment evidence shows that defendant's practice encompasses only rounding down, so that over time, plaintiff was not paid for all the time actually worked. Defendant, while defending its rounding practices, has adduced no summary judgment evidence showing otherwise.

Similarly, in *Anderson v. Wackenhut Corp.*, 2008 U.S. Dist. LEXIS 94357, 21-22 (S.D. Miss. 2008), the Court refused to grant a defendant summary judgment on its 15-minute rounding policies because the defendant had not established that the rounding "evened out"

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 10
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

between the employee and the employer, and therefore the employer had not established that its

employees had actually been paid for all time worked:

> Department of Labor Regulations acknowledge that there are circumstances where it may be permissible to round employees' starting and stopping times to the nearest quarter of an hour. 29 C.F.R. § 785.48. That regulation also notes that such a practice will be accepted <u>only where it does not "fail[] to compensate the employees properly for all the time they have actually worked.</u>" 29 C.F.R. § 785.48(b). Wackenhut moves for summary judgment on this issue based only on limited deposition testimony that the process "all kind of evens out." ... Wackenhut ... has not provided any documentary evidence comparing the instances where its employees' work times were rounded up with the times they were rounded down. Accordingly, the Court is unable to decide <u>whether the employees were paid for all time worked.</u> [Emphases added.]

### 3. Pursuant to 29 C.F.R. § 785.19, A Lunch Break of Less Than 30 Minutes Is Compensable

The First Amended Complaint also alleges that the clock rounding policy reduces the

meal period to less than 30 minutes and, therefore, that this time should considered as time

worked. By always rounding in the employer's favor, the meal period is reduced by as much as

7.5 minutes in the beginning and another 7.5 minutes at the end. This violates 29 C.F.R. §

785.19, which states:

> Bona fide meal periods. Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

In *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1115 n.1 (4th Cir. 1985), the Court

interpreted 29 C.F.R. § 785.19 as follows: " ... to qualify as a bona fide noncompensable break,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 11
CASE NO.: 2:09−cv−01679−JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

the respite must be uninterrupted and at least thirty minutes in duration, and the employee must be completely relieved from duty." In *Donovan*, the Court upheld a claim by the Secretary of Labor that the Defendant, a 24-hour diner, violated the FLSA because it "compensated employees on the assumption that if the employee worked, he or she worked the regular eight hour shift minus an unpaid thirty minute 'meal break.'" *Id.* at 1116. The Court cited "extensive" testimony by employees who said they had not received the requisite 30-minute work breaks. *Id.*

Plaintiff also asserts that Defendant employed other practices that resulted in the failure to compensate employees as required by state and/or federal law. For example, Defendant routinely failed to provide required rest periods to employees under Nev. Rev. Stat. Ann. 608.019(2), yielding yet more uncompensated time for Defendant at the expense of employees. All of this uncompensated time should be factored in when analyzing actual time worked by employees.

### C. NEVADA HAS A PRIVATE RIGHT OF ACTION FOR FAILURE TO PAY OVERTIME AND WAGES DUE FOR ALL HOURS WORKED[4]

Amazon misreads the law, as well as the cases of *Baldonado v. Wynn Las Vegas*, 194 P.3d 96, 107 (Nev. 2008), and *Lucas v. Bell Trans*, 2009 U.S. Dist. LEXIS 72549 at *24 (D. Nev. June 24, 2009).[5] Nevada's doctrine of "no private cause of action" for labor law violations without exhaustion of the Labor Commissioner's office is limited to situations where there is no express statutory grant of a private cause of action. This includes some, but not all, non-wage

---

[4] Plaintiff inadvertently mislabeled the title of the Second Cause of Action. Plaintiff's Second Cause of Action in its FAC charges that Defendant's conduct violated the provisions of Nev. Rev. Stat. ("NRS") 608.016, which requires payment for all hours worked, NRS 608.250, which requires payment of minimum wage for all hours worked and NRS 608.018 which requires overtime by employers to all hourly warehouse employees. Plaintiff's Second Cause of Action should have been titled: "Violation of Nevada's Wage and Hour Laws."

[5] Plaintiff's counsel Mark R. Thierman was also counsel for the plaintiffs in these two Nevada actions.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 12
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

violations of the Nevada Labor laws. *Baldonado*, for example, was a tip pooling case, and tips are not considered wages. As for *Bell Trans*, the Court noted that there was a private right of action for wage claims generally, but no private cause of action for overtime by those particular plaintiffs because limousine drivers are specifically excluded from the state's minimum wage law,[6] and all employees who are excluded from the minimum wage law also are excluded from the statutory overtime law.[7] The Court did allow a class action to continue, and the class was certified, under NRS 608.016, for failure to pay for all hours worked, which is the same claim in this case. Also, the class in this case consists of hourly warehouse employees who are not exempt, and therefore are entitled to overtime pay under the Nevada statutes. This lawsuit against Amazon is for wages, as opposed to non-wage working conditions. Thus, the "no private cause of action" doctrine of *Baldonado* is inapplicable.

In *Bell*, contrary to the Amazon's assertions, the Court recognized that there is an express private cause of action for violation of minimum wages for non-excluded workers (such as the warehouse employees here) under NRS 608.260.[8] In *Bell*, the drivers claimed that they were not paid for the time spent on the job but waiting for a customer. The Court certified the "off the clock" class in *Bell*, repeating that NRS 608.016 has a private cause of action. As the Court stated in denying the defendant's motion for summary judgment:

---

[6] *See* Nev. Rev. Stat. 608.250(2)(e) (specifically excluding taxicab and limousine drivers from the statute).

[7] *See* Nev. Rev. Stat. 608.018(3)(a) (provisions providing for overtime premium pay under state law do not apply to employees who are not covered by the minimum wage provisions of Nev. Rev. Stat. 608.250).

[8] NRS 608.260, "Action by employee to recover difference between minimum wage and amount paid; limitation of action," provides: "If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the Labor Commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage. A contract between the employer and the employee or any acceptance of a lesser wage by the employee is not a bar to the action."

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 13
CASE NO.: 2:09-cv-01679-JLR

As previously mentioned, in *Baldonado*, the Nevada Supreme Court recognized that NRS 608.140 contains an express civil remedy in the form of a civil action by employees to recoup unpaid wages. 194 P.3d at 104 n.33. Thus, NRS 608.140 demonstrates that there is a private right of action in NRS 608 for unpaid wages. *See Nunez v. Sahara Nevada Corp.*, 677 F.Supp. 1471, 1475 n.7 (D.Nev. 1988) (stating that NRS 608.140 "specifically creates a cause of action for wages earned and unpaid and penalties and a reasonable attorney's fee."); *Moen v. Las Vegas Intern. Hotel, Inc.*, 402 F.Supp. 157, 160-61 (D. Nev. 1975) (holding same). [¶] Chapter 608 also contains a private right of action for unpaid wages in NRS 608.016, NRS 608.020, and NRS 608.040. "An employer shall pay to the employee wages for each hour the employee works." NRS 608.016.

As noted earlier, Plaintiff inadvertently mislabeled the Second Cause of Action in the First Amended Complaint, which title should have read: Violation of Nevada's Wage and Hour Laws. Such headings are not determinative, however, and Defendant cannot seriously claim a lack of notice considering the actual allegations following the title of that section. To be clear, Plaintiff is not arguing for an FLSA claim based on a violation of Nevada law. This typographical error is not sufficient cause to dismiss the Second Cause of Action without leave to amend, if an amendment is even deemed necessary after this clarification on the record.

### D.   A NEVADA OPT-OUT CLASS AND AN FLSA OPT-IN CLASS IS APPROPRIATE

After the passage of the Class Action Fairness Act, 28 U.S.C. §1331(d), resolved the issue of pendant jurisdiction over a state law class action wage claim, many federal Courts have held that an opt-out state overtime claim is not inconsistent with a federal opt-in FLSA claim.[9] This result is primarily because the different procedures address different statutes, and the anti-

---

[9] *McLaughlin v. Liberty Mutual Ins.*, 224 F.R.D. 304, 308 (D. Mass. 2004); *see also O'Brien v. Encotech Constr. Servs. Inc.*, 203 F.R.D. 346, 352 (N.D. Ill. 2001) (emphasizing that state wage laws are "separate rights" enforced by procedures distinct from the FLSA opt-in system); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001) (stating that the FLSA opt-in procedure "does not bar the application of Rule 23 to a separate [state] cause of action in the same complaint"); *Kelley v. SBC, Inc.*, No. 97-CV-2729 CW, 1998 U.S. Dist. Lexis 18643, at 37-38 (N.D. Cal. Nov. 13, 1998).

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

preemption language of the FLSA and the Rules Enabling Act, which prohibit taking away a state law right solely by removal to federal court. *See, e.g., Lindsay v. Gov't Empls. Ins. Co.,* 448 F.3d 416, 425 (D.C. Cir. 2006) ("We do not view the difference between the opt-in procedure provided by section 216(b) for FLSA claims and the opt-out procedure for state law claims provided by Rule 23 as fitting the "exceptional circumstances"/ "other compelling reasons" language of section 1367(c)(4).") *See also Madrid v. Peak Constr., Inc.*, 2009 U.S. Dist. LEXIS 77493 (D. Ariz. July 22, 2009) ("*McElmurry v. U.S. Bank Association*, 495 F.3d 1136, 1139 (9th Cir. 2007), did not find that "Section 216(b) collective actions are mutually exclusive and irreconcilable with [R]ule 23 class actions."). Although the Ninth Circuit has not yet ruled on the matter, the majority of District courts in the Ninth Circuit have held the FLSA does not preempt duplicative state law claims. Compare *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100, 1116-18 (S.D. Cal. 2006) (concluding that state claim was not preempted by FLSA), *Greene v. Robert Half Int'l, Inc.,* 2006 U.S. Dist. LEXIS 97050 (N.D. Cal. Mar. 28, 2006) and *Bahramipour v. Citigroup Global Mkts., Inc.*, No. C 04-4440, 2006 U.S. Dist. LEXIS 9010, 2006 WL 449132, at *4-7 (N.D. Cal. Feb. 22, 2006) (same), *Campbell v. PriceWaterhouseCoopers*, 2008 U.S. Dist. LEXIS 75756 (E.D. Cal. Aug. 14, 2008), *Barnett v. Wash. Mut. Bank, FA,* 2004 U.S. Dist. LEXIS 18491 (N.D. Cal. Sept. 9, 2004) with *Flores v. Albertson's Inc*., No. CV 01-00515, 2003 U.S. Dist. LEXIS 26857, 2003 WL 24216269, at *5-6 (C.D. Cal. Dec. 9, 2003) (deeming state claims to be preempted by FLSA).

This Court has not addressed this issue squarely in any published decision that counsel was able to find. In its decision in *Kirkpatrick v. Ironwood Communs., Inc.*, 2006 U.S. Dist. LEXIS 79708 (W.D. Wash. Nov. 1, 2006) the Court certified a Washington State law overtime class on a claim which paralleled the Fair Labor Standards Act. In *Turcotte v. Renton Coil*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 15
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

*Spring Co.*, 2008 U.S. Dist. LEXIS 80086 (W.D. Wash. Oct. 8, 2008), this Court considered both an FLSA claim and a Washington State wage claim in the same action on an individual, non-class basis. But as far as counsel can tell, the issue of hybrid dual procedures has not been addressed. See cases collected at Andrew C. Brunsden et al., *"Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the Federal Courts,"* 29 Berkeley J. Emp. & Lab. L. 269, 310 (2008).

In the case of *Bouder v. Prudential Fin., Inc.*, 2009 U.S. Dist. LEXIS 112442 (D.N.J. Dec. 2, 2009) the Defendant raised, and the Court rejected, the exact same defense about the opt-in FLSA action /opt-out Rule 23 Nevada overtime class. In that case, there was a nationwide FLSA opt-in class as well as fifteen opt-out subclasses under various state laws. The Court rejected the argument that a Nevada opt-out class was inappropriate because, contrary to the assertions of both defendant's counsel in that case and in this one, Nevada does have a private cause of action for overtime and because there is nothing inconsistent about having an opt-in class in those states that only have FLSA protection, and an opt-out class in the states that have state overtime laws which parallel or adopt the FLSA substance but not its restriction on class action litigation. As the Court in *Bouder v. Prudential Fin., Inc.* stated:

> In *Baldonado,* the Nevada Supreme Court declines to recognize a private right of action pursuant to Nev. Rev. Stat. 608.160, but identifies at least two provisions as explicitly conferring a private right of action, including "NRS 608.140 (civil actions by employees to recoup unpaid wages) and NRS 608.150 (civil actions by the district attorney to recoup unpaid wages from general contractors)." Id at 105 n.33; see *U.S. Design & Construction v. I.B.E.W. Local 357*, 118 Nev. 458, 50 P.3d 170 (Nev. 2002). Further, *Lucas v. Bell* indicates that "NRS 608.140 demonstrates that there is a private right of action in NRS 608 for unpaid wages." 2009 U.S. Dist. LEXIS 72549, *23-24 (D. Nev. June 24, 2009). Moreover, Nev. Rev. Stat. § 608.260 explicitly confers a private right of action, permitting an employee to institute a civil suit to recover the difference between an amount paid to the employee and the designated minimum

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

wage. Id. at *15. Although the parties appear to conflate the distinction between individual statutory provisions concerning wages and overtime, unpaid wage recovery exists as a private right of enforcement while compensation for overtime is distinguishable.

### E. PLAINTIFF HAS PLEADED SUFFICIENT FACTS TO SUPPORT HIS CLAIMS

The foundation for Defendant's claim that Plaintiff's FAC suffers from an "utter lack of factual allegations" is like the proverbial house built of straw. The Defendant cites *Zhong v. August August Corp.*, 498 F.Supp.2d 625 (S.D.N.Y. 2007), wherein the Court dismissed Plaintiff's FLSA overtime claim. However, the Defendant fails to note that Zhong's FLSA overtime claim was dismissed "because of an internal conflict within the complaint." *Id.* at 630. The complaint said both that Zhong regularly worked overtime and that he only worked 20 hours per week. *Id.* The trial court said Zhong's claim didn't add up, but acknowledged the possibility that Zhong worked beyond 40 hours on one or more occasions, thus creating a plausible claim for overtime hours. *Id.* at 630. It was in that context that the Court said Zhong's "mere" assertion he worked uncompensated overtime was insufficient to state a claim under FLSA. Unlike the *Zhong* case, there is no internal inconsistency in Plaintiff's FAC, nor has Defendant alleged one. Also, the Court dismissed Zhong's claim *without* predjudice, granting him leave to file an amended complaint "repleading any of the claims dismissed herein." *Id.* at 631.

The *Zhong* decision not only fails to support Defendant's position but undermines it because it shows, by way of contrast, the high level of detail and specificity that is contained in Plaintiff's FAC. Zhong's complaint was filed as a potential class action but made no reference to any company policy at all. *Zhong*, 498 F.Supp.2d at 631. In fact, the complaint in *Zhong* neither generally nor specifically named or referenced any other plaintiffs. *Id.* Plaintiff's FAC

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 17
CASE NO.: 2:09−cv−01679−JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

states that Plaintiff was an Amazon warehouse associate for a specified period of time and part of a well defined group of employees, with substantially similar titles and duties, who clocked in and out each day pursuant to specific company policies and practices. Furthermore, Plaintiff's complaint relies on actual evidence, including the Defendant's own handbook and policy statements. If the *Zhong* complaint is at one end of a spectrum, Plaintiff's complaint is at the other end, and surely contains sufficient detail to withstand dismissal for lack of factual allegations.

In *Connolly v. Smugglers' Notch Mgmt. Co.*, 2009 U.S. Dist. LEXIS 104991 (D. Vt. Nov. 5, 2009), the Court refused to dismiss an FLSA claim where the Plaintiff said she "frequently" worked overtime but could not provide the exact dates. The Court said:

> It is unreasonable to expect a plaintiff to allege with specificity much beyond the pleadings here as she has not yet been able to conduct discovery. Few employees could possibly remember the exact overtime hours they worked over a period of years without being able to engage in discovery ... While provision of time periods would certainly be more informative, the allegations have put the defendant on notice, and, with this, Smugglers' Notch can easily determine time periods on its own by looking at company records, which it is required to keep by law. [*Id. at* **4-7.]

The exact number of overtime hours and when they were worked by Plaintiff is easily ascertainable from records that Defendant is required by law to keep. This pleading is more than sufficient to put Amazon on notice and, if not, Plaintiff requests leave to amend the complaint to correct any perceived deficiency.

## F. THE CLASS DEFINITION IS SUFFICIENT FOR PLEADING PURPOSES

For pleading purposes, the class is ascertainable and definite enough to enable Amazon to produce a list of class members. The class can be determined from objective criteria. In fact, the ease of determining the class is apparent in Defendant's own Motion to Dismiss (MTD).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 18
CASE NO.: 2:09−cv−01679−JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

1  Defendant essentially identified the objective criteria when it underlined such factors in
2  Plaintiff's FAC as "who clocked in" and "who clocked out" and "who were not compensated for
3  such time ...." *See* MTD at 13-14.

4      All Amazon has to do is compare its own sign in sheets with its payroll sheets to
5  determine who is in the class. There is no individualized proof of liability, just of damages. If
6  for some reason that is allegedly problematic, then the class could be defined as all hourly
7  warehouse employees within the proper statute of limitations because all warehouse employees
8  were subject to this rounding policy. Defendant can simply provide a list of all hourly
9  warehouse employees, and then, at the damages phase, argue that some class members should
10  not be entitled to damages.

11      One test of the ascertainably of the class as defined is to consider possible management
12  of the class action at trial and Plaintiff's plan for discovery in preparation therefore. With so
13  many employees, Defendant undoubtedly uses a computer program to round its punch in times,
14  and therefore has a record of both the true punch in/punch out times, as well as the hours
15  actually compensated. The difference between the punch in/punch out time without rounding
16  and the actual time compensated is the amount of "off the clock" time worked by Amazon
17  employees but unpaid by Amazon. A simple program or routine within the program should be
18  able to determine the exact amount each warehouse employee worked off the clock each week.
19  Defendant cannot hide behind any failure to maintain accurate time records. As the United
20  States Supreme Court stated over a half century ago in the case of *Anderson v. Mt. Clemens
   Pottery Co.*, 328 U.S. 680, 688 (1946), overruled by statute on other issues:

22          The employer cannot be heard to complain that the damages lack the
           exactness and precision of measurement that would be possible had he
23          kept records in accordance with the requirements of § 11 (c) of the Act. . .
           . The uncertainty lies only in the amount of damages arising from the
24          statutory violation by the employer. In such a case "it would be a
           perversion of fundamental principles of justice to deny all relief to the
25          injured person, and thereby relieve the wrongdoer from making any
           amend for his acts." *Story Parchment Co. v. Paterson Co.*, 282 U.S. 555,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 19
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

563. It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages.

If the computer records are deficient, Plaintiff will have to use secondary sources to establish both that the rounding practices are skewed for the benefit of the employer, and by how much. *Hernandez v. Mendoza,* 199 Cal. App. 3d 721, 728 (Cal. App. 2d Dist. 1988) ("It is the trier of fact's duty to draw whatever reasonable inferences it can from the employee's evidence where the employer cannot provide accurate information.") Such secondary sources might include statistical extrapolation from a sample of more current entries which presumably have been reserved from when this litigation was commenced (assuming Defendant has not changed any policies). Depending on the size of the database showing the clock in and clock out times and the hours actually paid for every employee employed as an hourly warehouse associate, a statistical expert should be able to determine, within a statistically significant margin of error, whether, person by person as well as in the aggregate, Defendant's rounding off and related policies inures to the net benefit of the employer or the employee, and by how much.

In addition, Plaintiff's counsel predicts it will be able to establish that the policies in the aggregate act to skew the rounding in Defendant's favor most of the time. Plaintiff will elicit testimony from the Defendant's persons who are most knowledgeable in payroll, warehouse operations, time keeping and accounting, as well as documents like memos to warehouse employees, handbooks and supervisors, relating to times for shift meetings, clocking in or out, releasing employees from their stations for lunch and at the end of the day. Plaintiff is confident this testimony will demonstrate the following facts. First, that the policy which is attached as exhibit A to the First Amended Complaint is Amazon's policy nationwide, and the employer's policies regarding starting work/punching in and stopping work/punching out are standard throughout all Amazon warehouse facilities. Second, there is a companywide requirement that all warehouse employees must be present at the start of a shift meeting and that shift meetings almost always start exactly at the beginning of each shift. This means that there are few, if any,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS - 20
CASE NO.: 2:09-cv-01679-JLR

1 | punch-ins after the shift start time. If employees who attend shift meetings late are subject to
2 | discipline, including discharge, there will be more punch-ins before the start time than after.
3 | This circumstance, combined with the rule against punching in more than three minutes after
4 | shift start, will create a situation in which the vast majority of punch-in times before shift start
5 | are not compensated under the rounding off polices. Likewise, Plaintiff believes the documents
6 | and testimony will establish that employees are not allowed to leave their post until the end of
7 | the shift, and are punished for punching out more than 7.5 minutes late. Again, these policies
8 | result in most people punching out later but not late enough to be compensated.

Although it is possible that some individuals will have no damages at all, all employees
were subject to this policy and therefore all share a potential for recovery. Therefore, notice to
the class ought to go to all hourly paid warehouse associates. This definition of the class is very
ascertainable from the employer's records. Therefore, the Plaintiff believes the class allegations
are adequately alleged in this stage of the proceedings.

## IV. CONCLUSION

For the reasons stated herein, Amazon's motion should be denied. The pleading
specifically articulates the reasons why Amazon's rounding does not meet any of the criterion
for possibly acceptable rounding as expressed in 29 CFR 785.48(b). Specifically, Amazon's
arrangement does not average "out so that the employees are fully compensated for all the time
they actually work," and is not "used in such a manner that it will not result, over a period of
time, in failure to compensate the employees properly for all the time they have actually
worked." 29 CFR 785.48(b). "A rounding policy or practice [like the Defendant's policy at
issue here] that consistently resulted in a rounding down of hours would likely violate the
FLSA." *McElmurry v. US Bank Nat'l Ass'n*, 2004 U.S. Dist. LEXIS 15233 (D. Or. July 27,
2004). The class is defined well enough in the First Amended Complaint to start discovery, and
the definition can later be modified as the facts unfold. Defendant's other objections are

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 21
CASE NO.: 2:09−cv−01679−JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

similarly insufficient to justify the grant of its motion to dismiss.

Respectfully submitted,

DATED: March 19, 2010

/s/Mark R. Thierman
Mark R. Thierman, NV Bar # 8285
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Tel.: (775) 284-1500

Matthew J. Ide, WSBA No. 26002
IDE LAW OFFICE
801 Second Avenue, Suite 1502
Seattle, WA 98104-1500
Tel.: (206) 625-1326
Fax: (206) 622-0909

David R. Markham, CA Bar # 071814
CLARK & MARKHAM LLP
600 B Street, Suite 2130
San Diego, CA 92101
Tel.: (619) 239-1321

Walter Haines, CA Bar # 071074
UNITED EMPLOYEES LAW GROUP, PC
65 Pine Avenue, #312
Long Beach, CA 90802
Tel.: (877) 696-8378

*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 22
CASE NO.: 2:09-cv-01679-JLR

THIERMAN LAW FIRM
7287 LAKESIDE DRIVE
RENO, NEVADA
PH.: 775-284-1500

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served true and correct copies of the foregoing

document(s) on parties and their counsel of record, in the manner indicated:

Rebecca Eisen                                          Via ECF Notification
Theresa Mak
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
reisen@morganlewis.com
tmak@morganlewis.com

Richard G. Rosenblatt                                  Via ECF Notification
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6600
Facsimile: (609) 919-6701
rrosenblatt@morganlewis.com

Harry Korrell                                          Via ECF Notification
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 757-8080
Facsimile: (206) 757-7700
harrykorrell@dwt.com

Dated this 22nd day of March, 2010.

/s/Mark R. Thierman
Mark R. Thierman

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS - 23
CASE NO.: 2:09-cv-01679-JLR