HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD AUSTIN, an individual, on behalf of himself, the general public, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware Corporation authorized to do business in the State of Washington,<br><br>Defendant. | Case No. 2:09-cv-01679 JLR<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

REPLY ISO MOTION TO DISMISS
Case No. C-09-1679 JLR
DB2/21611452.4

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
tel: (415) 442-1000
fax: (415) 442-1001

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. Allegations and Legal Theories Asserted for the First Time in Plaintiff's Opposition to the Current Motion to Dismiss Are Not a Part of the First Amended Complaint ............................................................................................... 2

    B. Plaintiff Misstates the Applicable Legal Standard to Survive a Motion to Dismiss .................................................................................................................. 3

    C. DOL Rounding Regulations Permit Defendant's Lawful Rounding and Attendance Policies ..................................................................................................... 3

        1. After Stripping Away Conclusory Statements, Plaintiff's FLSA Claim is That a Rounding Policy and Attendance Policy Together Might Have Improper Consequences ................................................................ 3

        2. Courts Have Relied Upon and Applied as Law the Regulation Sanctioning the Practice of Rounding ............................................................ 5

        3. Pursuant to 29 C.F.R. § 785.48(a), Employers Need Not Compensate Employees for Time the Employee Voluntarily Makes Available .................................................................................................... 5

    D. Plaintiff's Class Allegations Must Be Stricken Because He Has Not and Cannot Sufficiently Allege that the Entire Nationwide Class He Seeks to Represent Was Wronged by a Uniform Policy or Practice. .................................... 6

        1. Plaintiff Fails to Allege Facts Sufficient to Establish That He is a Part of the Class He Seeks to Represent ..................................................... 6

        2. Plaintiff's Proposed Class is Not Sufficiently Defined. ............................. 7

        3. Plaintiff Concedes He Has Not and Cannot Allege that the Nationwide Class He Seeks to Represent Was Wronged by a Uniform Policy or Practice. ........................................................................................ 8

    E. Plaintiff's Meal Break Allegations Are Irrelevant ................................................. 8

        1. The FAC Does Not Allege a Claim for Missed or Short Meal Breaks ........................................................................................................ 8

        2. Plaintiff's Opposition Now References a Wholly Different Set of Conclusory Facts Which Must Be Disregarded ......................................... 9

    F. Plaintiff's Second Claim for Unpaid Overtime Under Nevada Law Should Be Dismissed ........................................................................................................ 9

        1. The FAC Seeks Unpaid "Overtime" Pursuant to NRS 608.018 ............... 10

REPLY ISO MOTION TO DISMISS                i               Morgan, Lewis & Bockius LLP
Case No. C-09-1679 JLR                                                       One Market, Spear Street Tower
DB2/21611452.4                                                                            San Francisco, CA 94105
                                                                                                    tel: (415) 442-1000
                                                                                                     fax: (415) 442-1001

**TABLE OF CONTENTS**
**(continued)**

**Page**

    2. Plaintiff Concedes that Nevada Law Does Not Permit a Private Right of Action for Unpaid Overtime ........................................................ 10

    3. Plaintiff's Claim for Unpaid Overtime under both the FLSA and Nevada State Law Are Inherently Incompatible ..................................... 11

III. CONCLUSION ................................................................................................ 12

REPLY ISO MOTION TO DISMISS  
Case No. C-09-1679 JLR  
DB2/21611452.4

ii

MORGAN, LEWIS & BOCKIUS LLP  
ONE MARKET, SPEAR STREET TOWER  
SAN FRANCISCO, CA 94105  
TEL: (415) 442-1000  
FAX: (415) 442-1001

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. Wackenhut Corp.*,
 2008 U.S. Dist. LEXIS 94357 (S.D. Miss. Nov. 19, 2008) ........................................................ 5

*Ashcroft v. Iqbal*,
 129 S.Ct. 1937 (2009) ...................................................................................................... 1, 3, 4

*Baldonado v. Wynn Las Vegas*,
 194 P.3d 96 (Nev. 2008) ......................................................................................................... 10

*Bouder v. Prudential Fin., Inc.*,
 2009 U.S. Dist. LEXIS 112442 (D.N.J Dec. 2, 2009) ............................................................. 10

*Chao v. A-One Med. Servs., Inc.*,
 346 F.3d 908 (9th Cir. 2003) ................................................................................................... 11

*Eyles v. Uline, Inc.*,
 2009 U.S. Dist. LEXIS 81029 (N.D. Tex. Sept. 4, 2009) ....................................................... 4, 5

*Frederico v. Home Depot*,
 507 F.3d 188 (3d Cir. 2007) ...................................................................................................... 2

*Glewwe v. Eastman Kodak Co.*,
 No. 05-6462T, 2006 WL 1455476 (W.D.N.Y. May 25, 2006) ............................................... 12

*Harding v. Time Warner, Inc.*,
 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. Aug. 18, 2009) ...................................................... 4, 5

*Horne v. United States Dept of Ed.*,
 2009 U.S. Dist. LEXIS 24016 (D. Ariz. March 23, 2009) ........................................................ 2

*Hyman v. WM Fin. Servs., Inc.*,
 Civ. A. No. 06-4038, 2007 WL 1657392 (D.N.J. June 7, 2007) ............................................. 12

*Kirkpatrick v. Ironwood Commc'ns, Inc.*,
 2006 U.S. Dist. LEXIS 79708 (W.D. Wash. Nov. 1, 2006) .................................................... 12

*LaChapelle v. Owens-Illinois, Inc.*,
 513 F.2d 286 (5th Cir. 1975) ................................................................................................... 12

*Ledbetter v. Pruitt Corp.*,
 2007 WL 496451 (M.D. Ga. Feb 12, 2007) .............................................................................. 9

*Lucas v. Bell Trans*,
 2009 U.S. Dist. LEXIS 72549 (D. Nev. June 24, 2009) .......................................................... 10

*Madrigal v. Green Giant Co.*,
 No. C-78-157, 1981 WL 2331 (E.D. Wash. July 27, 1981) .................................................... 12

REPLY ISO MOTION TO DISMISS
Case No. C-09-1679 JLR
DB2/21611452.4

iii

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

*Nobel v. 93 Univ. Place Corp.*,
    222 F.R.D. 330 (S.D.N.Y. 2004) ................................................................................................ 7

*Perkins v. Silverstein*,
    939 F.2d 463 (7th Cir. 1991) ...................................................................................................... 2

*Secretary of Labor Amicus Brief in Long John Silver's Rests., Inc. v. Cole*,
    No. 05-CV-3039 (Dec. 13, 2005) ............................................................................................. 11

*Sepulveda v. Allen Family Foods, Inc.*,
    591 F.3d 209 (4th Cir. 2009) ..................................................................................................... 9

*Smith v. Pizza Hut, Inc.*,
    09-cv-01632 (D. Colo. March 11, 2010) ............................................................................... 2, 9

*Stewart v. Cheek & Zeehandelar, LLP*,
    252 F.R.D. 387 (S.D. Ohio 2008) .............................................................................................. 7

*Turcotte v. Renton Coil*,
    2008 U.S. Dist. LEXIS 80086 (W.D. Wash. Oct. 8, 2008) ..................................................... 12

*Ward v. Costco Wholesale Corp.*,
    2:08-CV-02013, *slip op.* (C.D. Cal. Mar. 23, 2010) ............................................................... 12

*Williams v. Trendwest Resorts, Inc.*,
    2007 U.S. Dist. LEXIS 62396 (D. Nev. Aug. 20, 2007) ......................................................... 12

*Woodard v. Fedex Freight East, Inc.*,
    No. 3:CV-06-1968, 2008 WL 471552 (M.D. Pa. Feb. 19, 2008) ............................................ 12

**Statutes**

29 C.F.R.
    § 785.19 ...................................................................................................................................... 9
    § 785.48(a) .............................................................................................................................. 5, 6

29 U.S.C.
    216(b) ....................................................................................................................................... 11

**Other Authorities**

Manual for Complex Litigation (Fourth), § 21.222 (2004) ............................................................. 7

U.S. Dept. of Labor Op. Ltr. FLSA 2007-INA (May 24, 2007) ...................................................... 9

Wage and Hour Division Fact Sheet #52 – the Health Care Industry and Hours Worked (July
    2009), http://www.dol.gov/whd/regs/compliance/whdfs53.htm ............................................... 5

REPLY ISO MOTION TO DISMISS
Case No. C-09-1679 JLR
DB2/21611452.4

iv

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

## I. INTRODUCTION

The purpose of a pleading is to provide the Court and the defendant a minimum of assurance that the plaintiff has suffered harm under the law. Particularly, in an alleged class action, the defendant and the court should not be forced to engage in extensive litigation without knowing with fair specificity the facts supporting the allegations that defendant has wronged not only the plaintiff, but an entire – in this case, nationwide – class of individuals. Plaintiff's confused and conclusory pleading does not meet the Supreme Court-delineated standard.

Defendant filed its motion to dismiss because neither the initial complaint nor this First Amended Complaint ("FAC") provide the factual support and specificity required regarding how Plaintiff, let alone a nationwide group of people, was wronged. Plaintiff's Opposition to the current Motion to Dismiss ("Opposition") in fact underscores that Plaintiff has not and cannot sufficiently allege any wrong done to himself or that an entire nationwide class was wronged by the same uniform policies or practices. All Plaintiff has done is speculate that the implementation of Defendant's lawful rounding policy and its lawful attendance policy might have resulted in underpayments, *i.e.*, in certain instances, some employees may not have been fully compensated for all hours worked. Plaintiff does not allege in his FAC, nor does he assert in his Opposition, that this result did occur to anyone, let alone on a class-wide basis. Most telling, Plaintiff does not even allege that the conflux of events he postulates – *i.e.* an employee who always clocks in early, never clocks in late, never clocks out early, and always clocks out late, such that the rounding policy would not "even out" over time – happened to him! Surely, if Plaintiff had ascertained facts that would establish that he was deprived of overtime, he would have – and should have – pleaded them. When his pleading is scrutinized, however, it is plain that all Plaintiff alleges is the possibility that underpayments may have occurred.

Plaintiff attempts to cure the deficiencies of his pleading by adding conclusory and sometimes contradictory allegations in his Opposition. But these cannot serve as a substitute for proper pleading and only serve to expose the fishing expedition in which Plaintiff is engaged and for which Plaintiff wants the Court's permission to continue. Moreover, even if Plaintiff were allowed to rewrite the FAC as outlined in his Opposition, it would still fail to state a claim with sufficient specificity and factual support to satisfy the pleading standards articulated in *Twombly* and *Iqbal*. Therefore, the Court

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

1

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
tel: (415) 442-1000
fax: (415) 442-1001

should not give Plaintiff the "green light" to proceed to nationwide discovery or to attempt yet another pleading so that he can investigate whether anyone has actually been harmed by Defendant's policies.

## II. ARGUMENT

### A. Allegations and Legal Theories Asserted for the First Time in Plaintiff's Opposition to the Current Motion to Dismiss Are *Not* a Part of the First Amended Complaint.

As described in Defendant's moving papers, Plaintiff's FAC contains scarce allegations and almost no facts that would allow Defendant or this Court to understand the nature of the claims at issue. In preparing the FAC, Plaintiff had ample opportunity to address the deficiencies in his Complaint as outlined by Defendant in its first Motion to Dismiss. Instead of taking advantage of that opportunity, Plaintiff filed an almost identical FAC, repeating some of the same allegations multiple times and providing precious few additional facts. Plaintiff's claims and theories continue to be a moving target as he attempts to save his FAC by asserting new theories and conclusory allegations in his Opposition. For example, as discussed more fully below, Plaintiff alleges for the first time in his Opposition that Defendant improperly applied the rounding policy to meal breaks and that he seeks compensation for unpaid regular wages under Nevada law.

Plaintiff's assertions in the Opposition are not a part of his FAC and are not at issue in this Motion to Dismiss. Plaintiff may not supplement his FAC or effectively introduce a second amended complaint through his Opposition. *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) (same); *Horne v. United States Dept of Ed.*, 2009 U.S. Dist. LEXIS 24016 at *14 (D. Ariz. March 23, 2009) (refusing to consider additional facts raised in the opposition to a motion to dismiss "when such a claim does not affirmatively and unambiguously appear in the language of the Complaint"); *Smith v. Pizza Hut, Inc.*, 09-cv-01632 (D. Colo. March 11, 2010) (same). "Both the Defendant and this Court are entitled to a Complaint that provides clear notice of what claims are at issue, without having to consult ancillary pleadings." *Smith,* 09-cv-01632, Slip Op. at 4. The Court should rule on Defendant's Motion to Dismiss by examining the allegations actually made in the FAC. As the factual allegations contained in the FAC are insufficient, the FAC should be dismissed.

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

2

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
tel: (415) 442-1000
fax: (415) 442-1001

### B. Plaintiff Misstates the Applicable Legal Standard to Survive a Motion to Dismiss.

Relying entirely upon cases decided <u>prior to</u> the Supreme Court's ruling in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), Plaintiff urges this Court to apply a standard that is no longer viable after the *Iqbal* decision. In *Iqbal*, the Supreme Court clarified that courts may not simply, as Plaintiff claims, accept all of his allegations as true and "draw[] all reasonable inferences in the complaint in [his] favor." Rather, *Iqbal* specifically instructs courts that they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949. Post-*Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but not shown – that the pleader is entitled to relief." *Id*. Under the *Iqbal* standard, Plaintiff has failed to provide sufficient factual allegations to survive dismissal.

### C. DOL Rounding Regulations Permit Defendant's Lawful Rounding and Attendance Policies.

#### 1. After Stripping Away Conclusory Statements, Plaintiff's FLSA Claim is That a Rounding Policy and Attendance Policy Together *Might Have* Improper Consequences.

Plaintiff has not made a single allegation in the FAC that, if proven, would demonstrate Defendant's liability. Instead, Plaintiff does exactly what the Supreme Court in *Iqbal* prohibits – he asserts "the mere <u>possibility</u>" that the combination of Defendant's attendance policy and rounding policy might have the effect of skewing the rounding system in Defendant's favor. *Iqbal*, 129 S.Ct. at 1949. Aside from repeating the wholly conclusory statement that he was "required to work 'off-the-clock,'" Plaintiff fails to allege that Defendant's policies resulted, over time, in the rounding of <u>his</u> time against him. The rest of Plaintiff's allegations fall into this same pattern. For example, although Plaintiff concludes that "the employee <u>can be</u> deprived of 14 minutes of paid overtime," (FAC, ¶21, emphasis added.) he never alleges that he actually <u>was</u> deprived of 14 minutes of paid overtime. This distinction is crucial and, according to *Iqbal*, is the difference between a sufficient pleading and a deficient pleading: the abstract possibility that an employee (presumably one who always clocks in 7 minutes before shift start and always clocks out 7 minutes after shift ends) "<u>can be</u>" deprived of 14 minutes of paid overtime does not mean that anyone actually <u>was</u> deprived of 14 minutes of paid

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

3

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

overtime.[1]

The holding in *Harding v. Time Warner, Inc.*, 2009 U.S. Dist. LEXIS 72851 at *8-9 (S.D. Cal. Aug. 18, 2009), is not adequately or accurately distinguished by Plaintiff and is directly on point here. Although *Harding* does not hold that rounding policies <u>cannot</u> violate the FLSA when combined with a lawful attendance policy, it <u>does</u> hold that alleging that a company has both a rounding policy and an attendance policy is <u>insufficient</u> to state a claim for unpaid wages under the pleading standards established by *Iqbal*. *Id.* at *10. The question is not whether it is <u>possible</u> for a rounding policy to be applied in such a way that an employee is deprived of compensation for all time worked; the question is whether Defendant applied its rounding policy in such a way that <u>did</u> deprive Plaintiff himself of compensation for all time worked. And where class allegations are made, the plaintiff must additionally allege that the deprivation uniformly impacts an entire class. Here, to survive dismissal, Plaintiff must plead some non-conclusory, factual allegations beyond the existence of two lawful policies, and the speculation that these two policies might result in underpayment.

*Eyles v. Uline, Inc.*, 2009 U.S. Dist. LEXIS 81029 (N.D. Tex. Sept. 4, 2009), relied upon by Plaintiff, actually illustrates the difference between an allegation of the <u>possibility</u> of illegal conduct and the <u>actuality</u> of illegal conduct. To obtain summary judgment, the plaintiff in *Eyles* provided evidence that the employer had in fact secretly adjusted employees' time to ensure that the employer always benefited from its own rounding policy. *Id.* at *9. In contrast, Plaintiff merely asserts that the attendance policy might nudge employees into early clocking-in and some managers might exacerbate the rounding that resulted by insisting that seven minutes (but not more) of clean-up work be performed <u>after</u> the shift ended.[2] These are a far cry from a clear allegation of an illegal practice that impacted not only plaintiff, but, uniformly, an entire class.

Plaintiff's reliance on *Anderson v. Wackenhut Corp.*, 2008 U.S. Dist. LEXIS 94357 (S.D.

---

[1] Plaintiff's speculation does not even support that such a scenario is or would be common. As plaintiff is aware, no work is performed prior to shift start. Why, then, would an employee regularly clock in so far in advance of shift start? Certainly, the attendance policy – which provides a three-minute late window – would not cause an employee to do so. Nor would the attendance policy cause late clock outs. That occurs according to Plaintiff only when a manager asks the employee to "clean up" after shift end.

[2] Plaintiff acknowledges that under the *de minimis* standard, short time under ten minutes may not be compensable. FAC, ¶ 21 ("Anything more than 10 minutes per day is *prima facie* unreasonable…."). He therefore must aggregate an extreme rounding problem on both the front and back end of the shift to overcome the *de minimis* hurdle.

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4
4
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001

Miss. Nov. 19, 2008), is equally misplaced. In that case, the court ruled that the defendant had not presented sufficient evidence in its <u>summary judgment motion</u> to demonstrate that its rounding policy compensated employees for all time worked, because it had only offered as evidence a witness's conclusory assertion that the rounding process "all kind of evens out." Here, Plaintiff has not even alleged that the rounding policy did not "even out" <u>as applied to him</u>.

### 2. Courts Have Relied Upon and Applied as Law the Regulation Sanctioning the Practice of Rounding.

Plaintiff asserts, without any support or authority, that the Department of Labor regulation specifically sanctioning the use of rounding policies – 29 C.F.R. 785.48 -- is "merely a statement of enforcement policy." Opposition, 7:20-22. Plaintiff's argument is unavailing. That regulation is published in the Code of Federal Regulations. Courts have repeatedly relied upon the regulation, and adopted and applied it as law when deciding cases alleging unlawful rounding. *See, e.g., Harding*, 2009 U.S. Dist. LEXIS 72851 at *11 (dismissing plaintiff's complaint relying upon 29 C.F.R. § 785.48(b)); *Anderson*, 2008 U.S. Dist. LEXIS 94357 at *21 (citing 29 C.F.R. § 785.48); *Eyles*, 2009 U.S. Dist. LEXIS 81029 at *11-12 (relying on "<u>DOL regulations</u>" 29 C.F.R. § 785.48(b)). *See also* Wage and Hour Division Fact Sheet #52 – the Health Care Industry and Hours Worked (July 2009), *available at* http://www.dol.gov/whd/regs/compliance/whdfs53.htm.

### 3. Pursuant to 29 C.F.R. § 785.48(a), Employers Need Not Compensate Employees for Time the Employee Voluntarily Makes Available.

29 C.F.R. § 785.48(a) provides, in part:

> Differences between clock records and actual hours worked. Time clocks are not required. In those cases where time clocks are used, employees who voluntarily come in before their regular starting time or remain after their closing time, do not have to be paid for such periods provided, of course, that they do not engage in any work. Their early or late clock punching may be disregarded….

The essence of Plaintiff's theory is that all employees, to avoid being "late," will overcompensate by clocking in seven minutes before their shift starts and their work begins. But even if that implausible reaction occurred, those seven minutes would not be compensable. "[E]mployees who voluntarily come in before their regular starting time or remain after their closing time [] do not

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

5

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

have to be paid for such periods provided, of course, that they do not engage in any work." 29 C.F.R. § 785.48(a). Although Plaintiff postulates that nudging employees to clock in seven minutes early would work to Defendant's benefit, he does <u>not</u> allege that he was <u>required</u> by Defendant to clock in before his scheduled shift time or that he performed any work that benefited the employer between the time he clocked in and the time his shift began. Indeed, Defendant's rounding and attendance policies benefit the employees, not the employer, by providing flexibility in timekeeping. Instead of maintaining a strict policy under which employees are penalized or disciplined for even a minute of deviation from their scheduled shifts, the rounding and attendance policies grant employees flexibility and control over their schedules, and reflect the reality that employees may deviate from their scheduled shift start by a few minutes either by choice or by accident.

### D. **Plaintiff's Class Allegations Must Be Stricken Because He Has Not and Cannot Sufficiently Allege that the Entire Nationwide Class He Seeks to Represent Was Wronged by a Uniform Policy or Practice.**

1. <u>Plaintiff Fails to Allege Facts Sufficient to Establish That He is a Part of the Class He Seeks to Represent.</u>

As described in Defendant's moving papers, the class allegations contained in Plaintiff's FAC are insufficient to survive the pleading stage. Plaintiff proposes a class definition of "'Warehouse Associates'... who clocked in to work at any interval of time before or after their scheduled start time and/or who clocked out of work at any interval of time before or after their scheduled end time, and <u>who were not compensated for such time</u>". FAC, ¶¶ 3, 9 (emphasis added). However, Plaintiff has not shown that he is himself a member of this class. Specifically, he does not allege that he:
(a) clocked in to actually begin working at any interval of time before his scheduled start time;
(b) clocked out of work at any interval of time after his scheduled end time; and (c) was not compensated for such time. Plaintiff's conclusory allegations that he was "employed as a 'Warehouse Associate'.... Worked more than forty (40) hours in any given week.... Did not receive overtime compensation for all hours worked over forty (40) hours in any given week [and] is a member of the Collective Class" (FAC ¶ 6) is not sufficient to demonstrate that Plaintiff is even a member of the proposed class, let alone that a class could be maintained.

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

6

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

2. Plaintiff's Proposed Class is Not Sufficiently Defined.

Plaintiff bears the burden of objectively defining the class he seeks to represent in a way that does not require addressing the central issue of liability to determine membership. *Nobel v. 93 Univ. Place Corp.*, 222 F.R.D. 330, 338 (S.D.N.Y. 2004) ("A class's definition will be rejected when it requires addressing the central issue of liability in a case . . . .") (internal quotations omitted); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 387, 391 (S.D. Ohio 2008) (same); Manual for Complex Litigation (Fourth), § 21.222 (2004) ("An identifiable class exists if its members can be ascertained by reference to objective criteria. The order defining a class should avoid subjective standards (*e.g.*, plaintiff's state of mind) or terms that depend on resolution of the merits (*e.g.*, persons who were discriminated against)."). The FAC's class definition must be stricken because it defines membership in the class <u>by reference to liability</u>. Plaintiff admits in his Opposition that a broader class definition would include "some individuals [who] will have no damages at all," (Opposition, 21:9), but he dismisses this deficiency by arguing that he can identify class members through discovery and by assessing damages. Opposition, 21:9. Plaintiff confuses liability and damages and puts the cart before the horse. In so doing, he reveals that he is essentially engaged in a fishing expedition. Plaintiff is not entitled to conduct nationwide discovery unless and until he has sufficiently alleged a class, nor is he entitled to assess damages until he has established liability. As currently defined by the FAC, class membership is necessarily based on whether Defendant is <u>liable</u> to each specific member. There is no "liability" unless it is established that: (1) the rounding did not even out over time; (2) the class member did not voluntarily clock in/out in such as way that resulted in beyond *de minimis* skewed rounding; and (3) the class member actually engaged in activities constituting "work" for which there is even an obligation to be compensated. Without having even alleged that he was himself specifically harmed, Plaintiff nonetheless hopes to conduct class discovery to find out <u>if</u> anyone was harmed. If Plaintiff's proposed conflation of liability and damages were to be accepted, Rule 23's class definition requirements would be rendered obsolete. Anyone could initiate expensive and time-consuming litigation and conduct nationwide discovery by simply alleging the broadest class definition possible with the sole limitation of excluding those individuals to whom there is no liability.

Plaintiff acknowledges the problem with his class definition, but proposes in his Opposition

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

7

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

an alternative definition which would remove the phrase "'who were not compensated for such time." Opposition, 19:5-8. Such an amendment would simply create the correlative problem of a class defined to include numerous individuals to whom there is no liability.

### 3. Plaintiff Concedes He Has Not and Cannot Allege that the Nationwide Class He Seeks to Represent Was Wronged by a Uniform Policy or Practice.

By adding the qualifier to his proposed definition of those "who were not compensated for such time," Plaintiff implicitly acknowledges that not <u>all</u> members of the nationwide class he seeks to represent were wronged by a uniform policy or practice. In other words, Plaintiff concedes that the rounding and attendance policies do <u>not</u> necessarily negatively impact all proposed class members. In his Opposition, Plaintiff outright admits that Defendant's policies may <u>not</u> have harm all proposed class members, which means that the Court will necessarily have to undertake individual liability assessments.[3]

Plaintiff's class allegations should be stricken because Plaintiff improperly alleges a merit-based class and fails to plead factual allegations sufficient to proceed on a class-wide basis.

### E. Plaintiff's Meal Break Allegations Are Irrelevant.

#### 1. The FAC Does Not Allege a Claim for Missed or Short Meal Breaks.

Plaintiff's first claim is for uncompensated "overtime" caused, supposedly, by uneven "rounding." The FAC does <u>not</u>, however, make a claim for missed meal breaks or even the improper rounding of meal breaks. Plaintiff merely alleges, in the FAC, in typical conclusory fashion, that employees received a 21-minute meal break and "yet, 30-minutes for lunch is deducted from their pay." FAC, ¶25. The nine-minute "gap" is supposedly due to the time it takes to walk to and from the break room. FAC ¶26. But Plaintiff alleges no legal theory, nor does he cite any law or regulation, which would entitle him to recovery for allegedly short meal breaks. He fails to allege why or whether the nine minutes of walking was due to a company policy or was uniform across the class or was "work" for which he claims compensation.[4]

---

[3] Opposition, 21:9 ("[i]t is possible that some individuals will have no damages at all."). Plaintiff does not say who or how many individuals may not have been harmed.

[4] To the extent Plaintiff is alleging that he is owed compensation because Defendant automatically deducted 30 minutes for meal breaks, such an allegation would also fail because auto-deduction is not prohibited. An automated time-keeping system that assumes employees take their meal breaks, but allows either employees or managers to re-

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

8

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

In fact, the "4 ½ minutes to walk to the break area" allegation appears only later in the FAC in connection with an allegation about rest breaks (which are also not required under the FLSA). If Plaintiff is trying to allege that he was not paid overtime for nine minutes[5] of walking to and from the break room, a conclusion reached only by piecing together multiple paragraphs which discuss different subject matters, then Plaintiff's claim remains impermissibly deficient. Time spent walking to and from a break room is not compensable. *Sepulveda v. Allen Family Foods, Inc.*, 591 F.3d 209, 216 (4th Cir. 2009) ("[T]he time [employees] spend during their lunch breaks … washing and walking to and from the cafeteria . . . is non-compensable . . . because it is part of a bona fide meal period . . . and, in the alternative, *de minimis*."). Again, "[b]oth the Defendant and this Court are entitled to a Complaint that provides clear notice of what claims are at issue...." *Smith*, 09-cv-01632, Slip Op. at 4.

2. Plaintiff's Opposition Now References a Wholly Different Set of Conclusory Facts Which Must Be Disregarded.

Like his other allegations, Plaintiff's allegations regarding meal breaks are a moving target. Instead of the deduction of a 30-minute meal break mentioned in the FAC, Plaintiff now argues that the issue is the rounding of the 30-minute meal break period. Plaintiff argues in his Opposition that 29 C.F.R. § 785.19 regarding the definition of "bona fide meal breaks" permits him to recover compensation for short meal breaks. Plaintiff's arguments in his Opposition may not serve as a substitute for his allegations in the FAC.

F. **Plaintiff's Second Claim for Unpaid Overtime Under Nevada Law Should Be Dismissed.**

Despite the conceded mislabeling of his Second Claim, Plaintiff now contends that what he <u>meant</u> to assert was a claim under Nevada law for regular "wages." But all Plaintiff alleges is a claim for "overtime" wages for which there is no private right of action under Nevada law.

---

port breaks that are missed so that full compensation is paid is not unlawful. *See Ledbetter v. Pruitt Corp.*, 2007 WL 496451, *4 (M.D. Ga. Feb 12, 2007) ("[a] policy of automatic meal deductions does not per se violate the FLSA"); U.S. Dept. of Labor Op. Ltr. FLSA 2007-INA (May 24, 2007) (proposed new practice of automatic 30 minute "deduction" for meal breaks does not violate FLSA).

[5] In his Opposition, Plaintiff states that "the meal period [was] reduced by as much as 7.5 minutes in the beginning and another 7.5 minutes at the end." Opposition, 11:14-16. It is not clear how the 9 minutes morphed into 15; suffice it to say the 15 minute allegation does <u>not</u> appear in the FAC.

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

9

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

### 1. The FAC Seeks Unpaid "Overtime" Pursuant to NRS 608.018.

Contrary to the newly minted arguments in his Opposition, the FAC seeks damages <u>only</u> for <u>overtime compensation</u> under Nevada Revised Statutes ("NRS") 608.018. Plaintiff's Second Claim mirrors the allegations of the First Claim brought under the FLSA where only overtime is sought (or can be sought under the FLSA). FAC, ¶ 41 ("Plaintiff realleges and incorporates by this reference all allegations contained above as though fully set forth herein."). Paragraph 44 of the FAC specifically seeks "overtime compensation as required by the NRS 608.018 for every hour of overtime worked in any work week, and if applicable, workday, for which they were due but were not compensated." Paragraph 4 of the Prayer of the FAC seeks "[d]amages according to proof for overtime compensation under Nevada State law for all hours worked overtime by members of the Nevada State Sub-Class within two years of the filing of the complaint . . . ." <u>Nowhere in the prayer does Plaintiff seek recovery of "regular wages" under Nevada law.</u>

### 2. Plaintiff Concedes that Nevada Law Does Not Permit a Private Right of Action for Unpaid Overtime.

In his Opposition, Plaintiff implicitly concedes that there is no private right of action for unpaid <u>overtime</u> under Nevada law. In *Baldonado v. Wynn Las Vegas*, 194 P.3d 96, 100 (Nev. 2008), the Nevada Supreme Court held that Nevada law permits a private right of action only for those sections of the statute which "expressly mention whether employees may privately enforce [their] terms." NRS 608.018 (overtime) undeniably does <u>not</u> expressly grant employees a private right of action. As the Nevada District Court pointed out in *Lucas v. Bell Trans*, 2009 U.S. Dist. LEXIS 72549 at *24 (D. Nev. June 24, 2009), unlike other provisions which do contain a civil remedy provision, NRS 608.018 does not. In fact, in *Bouder v. Prudential Fin., Inc.*, 2009 U.S. Dist. LEXIS 112442, *15 (D.N.J Dec. 2, 2009), cited by Plaintiff, the Court held that there is no private right of action under NRS 608.018 and granted the defendant's motion to dismiss that claim. Thus, Plaintiff's Second Claim for overtime under Nevada law must be dismissed.[6]

---

[6] Plaintiff argues, in essence, that he should be allowed once again to amend his complaint to add a claim for "regular" wages under NRS 608.016 because there <u>is</u> a private right of action under that provision. But Plaintiff does not, and cannot, allege facts sufficient to state a claim for regular wages, at least under the facts alleged thus far. As Plaintiff is claiming that start and end of shift rounding resulted in unpaid minutes of work, those minutes are "overtime," not regular wage, minutes under the facts Plaintiff has alleged in his First Claim under the FLSA.

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

10

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

### 3. Plaintiff's Claim for Unpaid Overtime under both the FLSA and Nevada State Law Are Inherently Incompatible.

Even if there were a private right of action for unpaid overtime under Nevada law, Plaintiff's Rule 23 class allegations must nonetheless be stricken because a Rule 23 class is inherently incompatible with Plaintiff's collective action under the FLSA. As alleged in the FAC, Plaintiff's FLSA and Nevada claims are based on the same factual allegations (*i.e.*, off-the-clock work), allege the same violation of legal requirements (*i.e.*, failure to pay overtime pay), and seek the same remedy (*i.e.*, overtime pay). However, the FLSA and NRS are extremely different in how the class process is administered. Under the FLSA, "similarly-situated" class members must affirmatively choose to join the litigation by opting in to the case. 29 U.S.C. 216(b). In contrast, under Rule 23, all eligible class members are presumptively plaintiffs – without having to take any action – unless they affirmatively return a form indicating they wish to opt out and not be parties to the litigation. Rule 23 is a procedural rule, whereas the FLSA provides individuals with the absolute substantive right to choose whether to litigate their own unpaid overtime and minimum wage claims as party plaintiffs. *See* 29 U.S.C. 216(b); *Secretary of Labor Amicus Brief in Long John Silver's Rests., Inc. v. Cole*, No. 05-CV-3039 (Dec. 13, 2005) (available at www.dol.gov/sol/media/briefs/LJSbrief-12-13-2005.htm) (stating that section 216(b) of FLSA "grants employees a distinct substantive right to participate in collective adjudication of their claims if, and only if, they provide a written consent that is filed in court") (emphasis added).

If a Nevada class were certified and class members were permitted to pursue state overtime claims through an opt-out class action, the FLSA claims of such absent class members would necessarily be litigated on an opt-out basis, even though those absent class members may not elect to opt-in to the action. Rulings with respect to state law issues could bind absent class members with respect to their FLSA claims. Therefore, adjudicating the state law overtime claims of absent class members who do not affirmatively opt-in to this proceeding would interfere with, and indeed eviscerate, the affirmative opt-in requirements of, and rights of the parties under, Section 216(b) of the FLSA. *See Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921-22 (9th Cir. 2003) (holding that employee's FLSA claim was barred by *res judicata* because the FLSA claim was based on the same operative

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

11

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

facts as a previously litigated state law claim). The District Court in Washington held thirty years ago that a Rule 23 class is inherently incompatible with a collective action under the FLSA. *See*, *e.g.*, *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331, at *3 (E.D. Wash. July 27, 1981) (dismissing state law class claims that parallel violations of the FLSA, ruling that "[i]f such a result were permitted, the statutory requirements of the FLSA would effectively be gutted"). Many other federal courts across the country have followed suit.[7] Just three days ago, the District Court for the Central District of California denied certification of a Rule 23 class because it is "inherently incompatible" with the opt out mechanism of the FLSA. *Ward v. Costco Wholesale Corp.*, 2:08-CV-02013, slip op. at 12-15 (C.D. Cal. Mar. 23, 2010).

The case cited by Plaintiff – *Turcotte v. Renton Coil*, 2008 U.S. Dist. LEXIS 80086 (W.D. Wash. Oct. 8, 2008) – is inapposite because it did not involve class claims. *Id.* at *20. It therefore provides no guidance on how this Court would "address the practical difficulties inherent in simultaneously managing classes of opt-in and opt-out class members." *Kirkpatrick*, 2006 U.S. Dist. LEXIS 79708 at *8 (certifying a class for claims based solely on state law and declining to entertain plaintiffs' suggestion to amend their complaint to add FLSA claims).

## III. <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted. In the alternative, Plaintiff's class allegations should be stricken from the First Amended Complaint.

---

[7] *See, e.g., Woodard v. Fedex Freight East, Inc.*, No. 3:CV-06-1968, 2008 WL 471552, *4 (M.D. Pa. Feb. 19, 2008) (rejecting plaintiff's attempt to maintain a state law overtime claim on a class-wide basis under Rule 23 because it is "inherently incompatible" with the opt-out mechanism of the FLSA); *Williams v. Trendwest Resorts, Inc.*, 2007 U.S. Dist. LEXIS 62396, *8-12 (D. Nev. Aug. 20, 2007) (following long line of district and appellate court decisions and determining that "the class action mechanisms of the FLSA and the Rule 23 are incompatible."); *Hyman v. WM Fin. Servs., Inc.*, Civ. A. No. 06-4038, 2007 WL 1657392 (D.N.J. June 7, 2007) (same); *Glewwe v. Eastman Kodak Co.*, No. 05-6462T, 2006 WL 1455476, at *4 (W.D.N.Y. May 25, 2006) (declining to extend supplemental jurisdiction where "the state claims would present complex issues of the state law"). *See also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (observing that there is a "fundamental, irreconcilable difference between the class action described in Rule 23 and that provided for by the FLSA § [2]16(b)"); *Kirkpatrick v. Ironwood Commc'ns, Inc.*, 2006 U.S. Dist. LEXIS 79708, *8 (W.D. Wash. Nov. 1, 2006) (noting in an action which included only a Rule 23 class that there is "no procedure that would sufficiently address the practical difficulties inherent in simultaneously managing classes of opt-in and opt-out class members"). These citations are by no means exhaustive but are provided to illustrate the national trend.

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

12

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

| | | |
|---|---|---|
| 1 | Dated: March 26, 2010 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | |
| 3 | | By  /s/ Theresa Mak |
| 4 | | Theresa Mak |
| 5 | | REBECCA EISEN, State Bar No. 96129<br>THERESA MAK, State Bar No. 211435 |
| 6 | | *Admitted pro hac vice*<br>MORGAN, LEWIS & BOCKIUS LLP |
| 7 | | One Market, Spear Street Tower<br>San Francisco, CA  94105-1126 |
| 8 | | Tel:  415.442.1000<br>Fax:  415.442.1001 |
| 9 | | reisen@morganlewis.com<br>tmak@morganlewis.com |
| 10 | | RICHARD G. ROSENBLATT, State Bar No. RR6720 |
| 11 | | *Admitted pro hac vice*<br>MORGAN, LEWIS & BOCKIUS LLP |
| 12 | | 502 Carnegie Center<br>Princeton, NJ  08540-6241 |
| 13 | | Tel:  609.919.6600<br>Fax:  609.919.6701 |
| 14 | | rrosenblatt@morganlewis.com |
| 15 | | HARRY KORRELL, State Bar No. 23173<br>DAVIS WRIGHT TREMAINE LLP |
| 16 | | 1201 Third Avenue, Suite 2200<br>Seattle, WA  98101-3045 |
| 17 | | Tel:  206.757.8080 |
| 18 | | Fax:  206.757.7700<br>harrykorrell@dwt.com |
| 19 | | Attorneys for Defendant<br>AMAZON.COM INC. |

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

13

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001

| | |
|---|---|
| | **CERTIFICATE OF SERVICE** |

I hereby certify that on this date I served true and correct copies of the foregoing document(s) on parties and their counsel of record, in the manner indicated:

Matthew J. Ide, WSBA No. 26002
IDE LAW OFFICE
801 Second Avenue, Suite 1502
Seattle, WA 98104-1500
Tel: (206) 625-1326
Fax: (206) 622-0909
email: mjide@yahoo.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

David R. Markham, CA Bar No. 071814
CLARK & MARKHAM LLP
600 "B" Street, Suite 2130
San Diego, CA 92101
Tel: (619) 239-1321
email: dmarkham@clarkmarkham.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

Mark R. Thierman, NV Bar No. 8285
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Tel: (775) 284-1500
email: laborlawyer@pacbell.net

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

Walter Haines, CA Bar No. 071074
UNITED EMPLOYEES LAW GROUP, PC
65 Pine Avenue, #312
Long Beach, CA 90802
Tel: (877) 696-8378
email: walterhaines@uelglaw.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

Dated this 26th day of March 2010

/s/ Theresa Mak
Theresa Mak

DB2/21560898.4

REPLY ISO MOTION TO DISMISS
CASE NO. C-09-04812 SC
DB2/21611452.4

14

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001