1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD AUSTIN,

                Plaintiff,

        v.

AMAZON.COM, INC.,

                Defendant.

CASE NO. C09-1679JLR

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO DISMISS
COMPLAINT

15

## I.   INTRODUCTION

16

17

18

19

20

21

22

     This matter comes before the court on Defendant Amazon.Com, Inc.'s

("Amazon") motion to dismiss and/or motion to strike irrelevant allegations (Dkt. # 24)

from Plaintiff Richard Austin's First Amended Complaint ("FAC") (Dkt. # 20).  Mr.

Austin filed this putative collective action in November 2009, alleging that Amazon

failed to pay its Warehouse Associates overtime pay in violation of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207, 216.  Amazon responded to the

complaint with a motion to dismiss that it later withdrew after Mr. Austin amended his

1   complaint to address Amazon's legal challenges to its original complaint and to add

2   claims for violation of Nevada's wage statute.  Amazon thereafter filed the instant motion

3   to dismiss the FAC or in the alternative to strike irrelevant allegations contained therein.

4        Having reviewed the motion and the papers filed in support and opposition, and

5   finding oral argument unnecessary, the court GRANTS in part and DENIES in part the

6   motion (Dkt. # 24).  As discussed below, the court (1) DENIES the motion to dismiss Mr.

7   Austin's FLSA claim; (2) GRANTS the motion to dismiss his wage claims under Nevada

8   law; (3) GRANTS Amazon's motion to strike the allegations relating to the Nevada wage

9   claim and the allegation relating to shortened meal breaks; (4) DENIES the motion to

10  strike the collective action allegations; and (5) GRANTS Mr. Austin leave to amend his

11  complaint to address the legal deficiencies contained in his wage claim under Nevada

12  law.

13                         **II.   BACKGROUND**

14       Mr. Austin alleges that he was employed as a "Warehouse Associate" for Amazon

15  in its Nevada warehouse from approximately September 2008 to approximately August

16  2009.  (FAC ¶ 6.)  As a Warehouse Associate, Mr. Austin was a non-exempt, hourly

17  employee and was required to "clock in" at or around his scheduled start time and "clock

18  out" at or around his scheduled end time.  (*Id.* ¶ 12.)  He alleges that he worked more

19  than 40 hours in any given week and did not receive compensation for these overtime

20  hours.  (*Id.* at 6)  Mr. Austin's allegations of unpaid overtime are based on Amazon's

21  policy of rounding time to the nearest quarter hour.  (*Id.* Ex. A (Amazon's "Rounding

22

Policy"[1].)  Mr. Austin acknowledges that the Rounding Policy is "facially neutral" in that it appears to favor neither the employee nor the employer.  (*Id.* ¶ 14.)  In practice, however, Mr. Austin contends that the policy almost exclusively works to Amazon's advantage because of Amazon's attendance and discipline policies.  (*Id.* ¶¶ 14-15.)

**A.    Allegations Regarding Combination of Policies**

The policy attached as exhibit A to the complaint purports to be Amazon's Rounding Policy and Amazon does not dispute its authenticity in its motion to dismiss. The policy states that it is "applied in conjunction with Amazon.com's attendance policy, payroll rules, and systems for clocking in and out."  (FAC Ex. A at 1.)  The Rounding Policy advises employees that they are expected to punch in as close to their scheduled start and end times as possible.  (*Id.*)  Recognizing that some slight variation in time punching will occur, Amazon established a process where time entries were rounded to the nearest quarter hour.  (*Id.*)  Mr. Austin alleges, however, that the Rounding Policy is biased toward Amazon.  For example, under the policy, if an employee clocks in seven minutes or less before their scheduled shift they will be paid from their scheduled start time going forward and "no flag" will appear on the time clock system.  (*Id.*)  The same is true if the employee clocks in within seven minutes after their scheduled shift time, except that the grace period for avoiding the "flag" is three minutes after their scheduled

---

[1]  In ruling on a Rule 12(b)(6) motion, the court may consider the allegations contained in the complaint as well as the exhibits attached thereto.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

1   time, as opposed to the seven minutes of grace time afforded the employee who clocks in

2   too early.  (*Id.*)

3         According to Mr. Austin, the Rounding Policy described above favors Amazon

4   because it benefits from up to seven minutes of uncompensated work when the employee

5   clocks in early – conduct for which Amazon does not "flag" for discipline purposes.  By

6   contrast, if the employee clocks in seven minutes after the scheduled start time, the

7   employee will be paid as if he or she started at the scheduled time – thus, benefitting the

8   employee with seven minutes of compensation for not working – yet, Amazon's policy is

9   to flag that employee for discipline.  Amazon does provide a three minute window after

10  the scheduled start time that it considers a "grace period" and does not flag the employee

11  for discipline if they clock in within three minutes after their start time.  (*Id.*, Ex. A.)  Mr.

12  Austin alleges that as a result of these policies he was not paid a minimum wage and,

13  when applicable, overtime wages for all hours he worked.  (FAC ¶ 35-36.)

14                 **III.   ANALYSIS**

15        Amazon moves to dismiss the FAC on the basis that (1) its policy to round time to

16  the nearest quarter hour is a practice approved by the United States Department of Labor

17  ("DOL") and (2) there is no private right of action under Nevada law for unpaid

18  overtime.  (*See generally* Mot.)  In the alternative, Amazon moves to strike a number of

19  allegations in the FAC pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  In

20  particular, Amazon seeks to strike the allegations regarding Nevada law and those

21  relating to missed or shortened meal breaks.  (Mot. at 15; Reply (Dkt. # 27) at 8-9.)

22

## A.    Rule 12(b)(6) Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  It is not enough for a complaint to "plead[ ] facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation. *Id.* at 1949-50 (citing *Twombly*, 550 U.S. at 556).  In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).

## B.    Department of Labor Regulations

Amazon relies on 29 C.F.R. § 785.48(b) as support for the legality of its Rounding Policy.  Section 785.48(b) provides:

> "Rounding" practices.    It has been found that in some industries, particularly where time clocks are used, there has been the practice for many years of recording the employees' starting time and stopping time to

ORDER- 5

1   the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour.
2   Presumably, this arrangement averages out so that the employees are fully
    compensated for all the time they actually work.  For enforcement purposes
3   this practice of computing working time will be accepted, provided that it is
    used in such a manner that it will not result, over a period of time, in failure
4   to compensate the employees properly for all the time they have actually
    worked.

5   29 C.F.R. § 785.48(b).  Contrary to Amazon's arguments, however, the above DOL

6   regulation does not give Amazon a blank check to round time in any manner it sees fit.

7   The regulation does not contemplate the situation where an employer allows rounding

8   when it benefits the employer without disciplining the employee; but disciplines the

9   employee when the rounding does not work to the employer's advantage.  Mr. Austin's

10  allegations center around what he believes to be Amazon's manipulation of the leniency

11  provided to employers who use the rounding method in a manner that does not "average[]

12  out so that the employees are fully compensated for all the time they actually work."

13  (*Id.*)  This is distinguishable from Amazon's argument that it is legally permitted to round

14  time pursuant to the DOL regulation.  Accordingly, the court denies Amazon's motion as

15  it relates to the application of the DOL regulation regarding rounding.

16          Amazon also argues that Mr. Austin's FLSA claim is "devoid of any legal

17  support."  (Mot. at 8.)  Amazon relies on *Harding v. Time Warner, Inc.*, as a case that it

18  contends is particularly instructive to the court's analysis in this case.  No. 09-CV-1212 –

19  WQHWMC, 2009 WL 2575898, *1 (S.D.Cal. Aug. 18, 2009).  In *Harding*, the plaintiff

20  filed a wage and hour complaint against Time Warner.  In the complaint, the plaintiff

21  argued that Time Warner's "practice of paying employees without regard to the number

22  of hours actually worked . . . included the 'rounding' of reported time worked-to the

ORDER- 6

1    nearest 15 minutes-without ensuring that the employees were paid for all of the time

2    actually worked."  (*Id.*)  In doing so, the plaintiff argued that Time Warner inaccurately

3    under-reported the amount of time worked by the plaintiff and others.  (*Id.*)  The district

4    court held that the allegation that Time Warner had a "practice of rounding," without

5    more, was too generic and conclusory to satisfy the standard announced in *Twombly*.  *Id.*

6    (citing *Twombly*, 550 U.S. at 556.)  Here, Mr. Austin does not allege merely a "practice"

7    of rounding but explains the practice and provides a copy of the policy that he alleges

8    violates the FLSA.  Thus, unlike the *Harding* case, Mr. Austin has provided sufficient

9    factual content to allow the court to draw the reasonable inference that Amazon is liable

10   for the misconduct alleged.  *See Iqbal*, 129 S. Ct. at 1949.  Accordingly, the court finds

11   the FAC sufficiently alleges a violation of the FLSA and further provides sufficient

12   factual background to support Mr. Austin's collective action allegations.  The court

13   denies the motion as to the FLSA claim and denies the motion to strike the allegations

14   relating to a collective action pursuant to the FLSA.  The court will consider Amazon's

15   arguments regarding whether the putative class is sufficiently similar to support a

16   collective action at the time the court considers the motion for class certification.

17   **C.    Wage Claim Under Nevada Law**

18           Mr. Austin also asserts wage claims against Amazon under Nevada law.  Mr.

19   Austin, however, titles his claims as an FLSA enforcement of Nevada law and admittedly

20   cites the wrong provision of the Nevada Revised Statutes ("NRS").  Moreover, although

21   Mr. Austin purports to seek damages under Nevada law for unpaid wages pursuant to

22   NRS 608.016, the FAC seeks damages only for overtime compensation under NRS

608.018.  The court therefore dismisses without prejudice the Nevada claim and the

allegations relating thereto for failure to state a claim under Rule 12(b)(6).  As discussed

below, the court grants Mr. Austin leave to file an amended complaint to address these

"typos" or legal irregularities.

**D.      Missed or Shortened Meal Breaks**

Mr. Austin's FLSA claim is for uncompensated "overtime" wages allegedly

caused by unfair "rounding" by Amazon.  The FAC does not, however, make a claim for

missed meal breaks or even the improper rounding of meal breaks.  Yet, Mr. Austin

alleges that employees received a 21-minute meal break and "yet, 30-minutes for lunch is

deducted from their pay."  (FAC ¶ 25.)  The FAC does not allege a legal theory which

would entitle Mr. Austin to recovery for allegedly shortened meal breaks.  Accordingly,

the court strikes the allegations relating to missed or shortened meal breaks pursuant to

Rule 12(f) of the Federal Rules of Civil Procedure.

## IV.      CONCLUSION

For the reasons stated above, the court (1) DENIES the motion to dismiss Mr.

Austin's FLSA claim; (2) GRANTS the motion to dismiss his wage claim under Nevada

law; (3) GRANTS Amazon's motion to strike the allegations relating to the Nevada wage

claims and the allegation relating to shortened meal breaks; (4) DENIES the motion to

strike the collective action allegations; and (5) GRANTS Mr. Austin leave to amend his

complaint to address the legal deficiencies contained in his wage claims under Nevada

law (Dkt. # 24).  If Mr. Austin chooses to amend his complaint, he shall file the amended

complaint no later than noon on Friday, May 14, 2010.  The parties are also directed to

ORDER- 8

1  file an amended joint status report and Rule 26(f) discovery plan no later than noon on

2  Friday, May 14, 2010.

3          Dated this 10th day of May, 2010.

4

5

6          _____

7          JAMES L. ROBART
           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 9