1

2

3

4

5          HONORABLE JAMES L. ROBART

6

7

8

9

10

11

12              UNITED STATES DISTRICT COURT

13          FOR THE WESTERN DISTRICT OF WASHINGTON

14   RICHARD AUSTIN, an individual, on          Case No. C-09-1679 JLR
     behalf of himself, the general public, and
15   all others similarly situated,             **DEFENDANT AMAZON.COM'S ANSWER
                                                 TO PLAINTIFF'S THIRD AMENDED**
16              Plaintiff,                       **COMPLAINT**

17        vs.

18   AMAZON.COM, INC., a Delaware
     Corporation authorized to do business in
19   the State of Washington,

20              Defendant.

21

22          **RESPONSE TO PLAINTIFFS' ALLEGATIONS**

23        Defendant Amazon.com, Inc. ("Amazon" or "Defendant"), by and through its counsel of

24   record, hereby answers the Third Amended Complaint ("Complaint") filed by Plaintiff Richard

25   Austin ("Plaintiff"), and responds as follows in the numbered paragraphs below:

26        Amazon denies any factual allegations in the first and second Paragraphs of the

27   Complaint.  Amazon also avers that the allegations contained in the first and second Paragraphs

28   of the Complaint constitute conclusions of law to which no response is required.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S          1
THIRD AMENDED COMPLAINT                                    MORGAN, LEWIS & BOCKIUS LLP
                                                           ONE MARKET, SPEAR STREET TOWER
                                                           SAN FRANCISCO, CA 94105
                                                           TEL: (415) 442-1000
                                                           FAX: (415) 442-1001
Case No. C-09-1679 JLR

1

## JURISDICTION AND VENUE

2          1.     Amazon admits that this Court has subject matter jurisdiction over this matter, as

3     alleged in Paragraph 1 of the Complaint.

4          2.     Amazon admits that venue is proper in this District, as alleged in Paragraph 2 of

5     the complaint.

6

## COLLECTIVE ACTION ALLEGATIONS

7          3.     Amazon denies the allegations contained in Paragraph 3 of the Complaint because

8     this action is not appropriate for class or collective action treatment.  Amazon also avers that the

9     allegations contained in Paragraph 3 of the Complaint constitute conclusions of law to which no

10    response is required.

11

## STATE LAW SUBCLASS

12         4.     Amazon denies the allegations contained in Paragraph 4 of the Complaint because

13    this action is not appropriate for class or collective action treatment.  Amazon also avers that the

14    allegations contained in Paragraph 4 of the Complaint constitute conclusions of law to which no

15    response is required.

16         5.     Amazon avers that the allegations contained in Paragraph 5 of the Complaint

17    constitute conclusions of law to which no response is required.

18

## COLLECTIVE ACTION ALLEGATIONS

19         6.     (a)     Amazon lacks knowledge or information sufficient to form a belief as to

20    the truth of the allegations contained in Paragraph 6 of the Complaint, or subsection (a) of

21    Paragraph 6.

22                (b)     Amazon admits that Plaintiff was employed as a "Warehouse Associate"

23    for Amazon in the State of Nevada from approximately September 2008 to approximately August

24    2009, as averred in subsection (b) of Paragraph 6 of the Complaint.

25                (c)     Amazon admits that Plaintiff worked more than 40 hours in a week on at

26    least one occasion as alleged in Paragraph 6, subsection (c) of the Complaint.

27                (d)     Amazon denies the allegations contained in Paragraph 6, subsection (d) of

28    the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S          2
THIRD AMENDED COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

Case No. C-09-1679 JLR

1   (e)   Amazon denies the allegations contained in Paragraph 6, subsection (e) of

2   the Complaint.

3   (f)   Amazon lacks knowledge or information sufficient to form a belief as to

4   the truth of the allegations contained in Paragraph 6, subsection (f) of the Complaint.

5   7.   Amazon denies the allegations contained in Paragraph 7 of the Complaint because

6   this action is not appropriate for class or collective action treatment.  Amazon also avers that the

7   allegations contained in Paragraph 7 of the Complaint constitute conclusions of law to which no

8   response is required.

9   **STATE LAW SUBCLASS ACTION ALLEGATIONS**

10   8.   Amazon incorporates by reference its responses to Paragraphs 1 through 7,

11   inclusive, of the Complaint.

12   9.   Amazon denies the allegations contained in Paragraph 9 of the Complaint because

13   this action is not appropriate for class or collective action treatment.  Amazon also avers that the

14   allegations contained in Paragraph 9 of the Complaint constitute conclusions of law to which no

15   response is required.

16   10.   Amazon denies the allegations contained in Paragraph 10 of the Complaint

17   because this action is not appropriate for class or collective action treatment.  Amazon also avers

18   that the allegations contained in Paragraph 10 of the Complaint constitute conclusions of law to

19   which no response is required.

20   **DEFENDANT**

21   11.   Amazon admits that it is a Delaware corporation that is licensed to do business and

22   actually doing business in the State of Washington, as alleged in Paragraph 11 of the Complaint.

23   Amazon further admits that its principal place of business and headquarters are in the State of

24   Washington, as alleged in Paragraph 11 of the Complaint.  Amazon lacks knowledge or

25   information sufficient to form a belief as to what Plaintiff means by "'Distribution Centers'

26   similar to the ones Plaintiff was employed in," but admits that it has operations in the states

27   Plaintiff lists in Paragraph 11 of the Complaint.

28   / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S          3
THIRD AMENDED COMPLAINT

Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1

**THE CONDUCT**

2       12.    Amazon admits that Plaintiff was employed as a "Warehouse Associate," which

3   was a non-exempt hourly position, for Amazon from approximately September 2008 to

4   approximately August 2009, as alleged in Paragraph 12 of the Complaint.  Amazon admits that it

5   has a rounding policy in which employees' time is rounded to the nearest quarter hour.  Amazon

6   lacks knowledge or information sufficient to form a belief as to whether the policy referred to in

7   Paragraph 12 of the Complaint is Amazon's official "Rounding Policy" as Plaintiff has not

8   attached any exhibits to his Complaint.  Amazon denies all other allegations contained in

9   Paragraph 12 of the Complaint.

10       13.    Amazon denies the allegations in Paragraph 13 of the Complaint.

11       14.    Amazon admits that its rounding policy is facially neutral.  Amazon denies all

12   other allegations contained in Paragraph 14 of the Complaint.

13       15.    Amazon denies all factual allegations contained in Paragraph 15 of the Complaint.

14   Amazon lacks knowledge or information sufficient to form a belief as to the policy to which

15   Plaintiff refers in Paragraph 15 of the Complaint, as Plaintiff has not attached any exhibits to his

16   Complaint.

17       16.    Amazon denies the allegations in Paragraph 16 of the Complaint.

18       17.    Amazon denies the allegations in Paragraph 17 of the Complaint.

19       18.    Amazon denies the factual allegations in Paragraph 18 of the Complaint.  Amazon

20   lacks knowledge or information sufficient to form a belief as to the policy to which Plaintiff

21   refers in Paragraph 18 of the Complaint, as Plaintiff has not attached any exhibits to his

22   Complaint.

23       19.    Amazon denies the allegations in Paragraph 19 of the Complaint.  Amazon also

24   avers that the allegations in Paragraph 19 of the Complaint constitute conclusions of law to which

25   no response is required.

26       20.    Amazon denies the allegations in Paragraph 20 of the Complaint.  Amazon also

27   avers that the allegations in Paragraph 20 of the Complaint constitute conclusions of law to which

28   no response is required.  Amazon lacks knowledge or information sufficient to form a belief as to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S            4
THIRD AMENDED COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

Case No. C-09-1679 JLR

1    the policy to which Plaintiff refers in Paragraph 20 of the Complaint, as Plaintiff has not attached

2    any exhibits to his Complaint.

3         21.    Amazon denies the allegations in Paragraph 21 of the Complaint.  Amazon also

4    avers that the allegations in Paragraph 21 of the Complaint constitute conclusions of law to which

5    no response is required.

6         22.    Amazon denies the allegations in Paragraph 22 of the Complaint.  Amazon also

7    avers that the allegations in Paragraph 22 of the Complaint constitute conclusions of law to which

8    no response is required.

9         23.    Amazon denies the allegations in Paragraph 23 of the Complaint.

10        24.    Amazon denies the allegations in Paragraph 24 of the Complaint.  Amazon also

11   avers that the allegations in Paragraph 24 of the Complaint constitute conclusions of law to which

12   no response is required.

13        25.    Amazon avers that the allegations in Paragraph 25 of the Complaint constitute

14   conclusions of law to which no response is required.

15        26.    Amazon avers that the allegations in Paragraph 26 of the Complaint constitute

16   conclusions of law to which no response is required.

17                          **FIRST CAUSE OF ACTION**

18        27.    Amazon incorporates by reference its responses to Paragraphs 1 through 26,

19   inclusive, of the Complaint.

20        28.    Amazon denies the allegations in Paragraph 28 of the Complaint.  Amazon also

21   avers that the allegations in Paragraph 28 of the Complaint constitute conclusions of law to which

22   no response is required.

23        29.    Amazon avers that the allegations in Paragraph 29 of the Complaint constitute

24   conclusions of law to which no response is required.

25        30.    Amazon avers that the allegations in Paragraph 30 of the Complaint constitute

26   conclusions of law to which no response is required.

27        31.    Amazon avers that the allegations in Paragraph 31 of the Complaint constitute

28   conclusions of law to which no response is required.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S            5
THIRD AMENDED COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

Case No. C-09-1679 JLR

1    32.    Amazon denies the allegations in Paragraph 32 of the Complaint.  Amazon also

2    avers that the allegations in Paragraph 32 of the Complaint constitute conclusions of law to which

3    no response is required.

4    33.    Amazon avers that the allegations in Paragraph 33 of the Complaint constitute

5    conclusions of law to which no response is required.

6    34.    Amazon denies the allegations in Paragraph 34 of the Complaint.

7    35.    Amazon denies the allegations in Paragraph 35 of the Complaint.  Amazon also

8    avers that the allegations in Paragraph 35 of the Complaint constitute conclusions of law to which

9    no response is required.

10    36.    Amazon denies that collective action in this case is appropriate, denies that

11    Plaintiff has been aggrieved, and denies that members of the collective class Plaintiff purports to

12    represent should be notified of the pendency of this action, as alleged in Paragraph 36 of the

13    Complaint.  Amazon otherwise lacks knowledge or information sufficient to form a belief as to

14    the truth of the allegations contained in Paragraph 36 of the Complaint.

15    37.    Amazon denies that Plaintiff and the members of the class he purports to represent

16    are entitled to any type of remedy, relief or damages, including the relief requested in Paragraph

17    37 of the Complaint.

18    38.    Amazon denies that Plaintiff is entitled to any type of remedy, relief or damages,

19    including the relief requested in Paragraph 38 of the Complaint.  Amazon also avers that the

20    allegations in Paragraph 38 of the Complaint constitute conclusions of law to which no response

21    is required.

22                              **SECOND CAUSE OF ACTION**

23    39.    Amazon incorporates by reference its responses to Paragraphs 1 through 38,

24    inclusive, of the Complaint.

25    40.    Amazon denies the allegations in Paragraph 40 of the Complaint.  Amazon also

26    avers that the allegations in Paragraph 40 of the Complaint constitute conclusions of law to which

27    no response is required.

28    / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S          6
THIRD AMENDED COMPLAINT

Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1        41.     Amazon avers that the allegations in Paragraph 41 of the Complaint constitute

2  conclusions of law to which no response is required.

3        42.     Amazon avers that the allegations in Paragraph 42 of the Complaint constitute

4  conclusions of law to which no response is required.

5        43.     Amazon denies the allegations in Paragraph 43 of the Complaint.  Amazon also

6  avers that the allegations in Paragraph 43 of the Complaint constitute conclusions of law to which

7  no response is required.

8        44.     Amazon avers that the allegations in Paragraph 44 of the Complaint constitute

9  conclusions of law to which no response is required.

10        45.     Except to admit that Plaintiff was terminated from his employment more than

11  thirty days prior to the filing of the Complaint, Amazon denies the allegations in Paragraph 45 of

12  the Complaint.

13        46.     Amazon admits that Plaintiff seeks wages pursuant to NRS § 608.050 in his

14  Complaint.  Amazon avers that all other allegations in Paragraph 46 of the Complaint constitute

15  conclusions of law to which no response is required.

16        47.     Amazon avers that the allegations in Paragraph 47 of the Complaint constitute

17  conclusions of law to which no response is required.

18        48.     Amazon denies the allegations in Paragraph 48 of the Complaint.  Amazon also

19  avers that the allegations in Paragraph 48 of the Complaint constitute conclusions of law to which

20  no response is required.

21        49.     Amazon denies that Plaintiff and the members of the class he seeks to represent

22  are entitled to any type of remedy, relief or damages, including the relief requested in Paragraph

23  49 of the Complaint.

24                                **PRAYER**

25        Amazon denies that Plaintiff is entitled to any type of remedy, relief or damages,

26  including the relief requested in Plaintiff's Prayer for Relief.

27                     **FIRST AFFIRMATIVE DEFENSE**

28        The Complaint, and each alleged claim for relief therein, fails, in whole or in part, to state

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S          7
THIRD AMENDED COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

Case No. C-09-1679 JLR

1   a claim upon which relief may be granted.

2   **SECOND AFFIRMATIVE DEFENSE**

3   Plaintiff's claims are barred, in whole or in part, because Plaintiff and others allegedly

4   similarly situated have not sustained any injury or damage by reason of any act or omission of

5   Amazon.

6   **THIRD AFFIRMATIVE DEFENSE**

7   The named Plaintiff fails to satisfy the prerequisites for certification of a class or

8   collective action and, therefore, lacks standing and cannot represent the interest of others as to

9   each purported claim.

10   **FOURTH AFFIRMATIVE DEFENSE**

11   Plaintiff's claims, and the claims of each putative member of the purported class and

12   subclass defined in the Complaint, or some of them, are barred in whole or in part because the

13   Complaint is uncertain and the purported class definitions are ambiguous and conclusory.

14   **FIFTH AFFIRMATIVE DEFENSE**

15   The types of claims alleged by Plaintiff on behalf of himself and the alleged class and

16   subclass, the existence of which are expressly denied, are matters in which individual questions

17   predominate and, accordingly, are not appropriate for class or collective action treatment.

18   **SIXTH AFFIRMATIVE DEFENSE**

19   The claims alleged by Plaintiff do not raise questions of law or fact common to those of

20   alleged putative class members, if any, whom Plaintiff purports to represent.

21   **SEVENTH AFFIRMATIVE DEFENSE**

22   The claims alleged by Plaintiff are not typical of those of the alleged class or subclass he

23   purports to represent, the existence of which is expressly denied.

24   **EIGHTH AFFIRMATIVE DEFENSE**

25   The alleged class and subclass Plaintiff purports to represent is not manageable as a class

26   action and accordingly is not appropriate for class or collective action treatment.

27   **NINTH AFFIRMATIVE DEFENSE**

28   The class claims alleged by Plaintiff are not maintainable for, among other reasons, failure

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S                8
THIRD AMENDED COMPLAINT

Case No. C-09-1679 JLR

1 to satisfy the requirement of superiority in that proceeding as a class or collective action would

2 not be the superior method of adjudicating the case.  For example, determining whether members

3 of the putative class, the existence of which is expressly denied, performed any substantive work

4 of which their employer was aware during the time period for which Plaintiff alleges they were

5 not paid would require an individual inquiry into each putative class member's experience.

6 <u>TENTH AFFIRMATIVE DEFENSE</u>

7 The Complaint fails, to the extent it asserts a class or collective action, because Plaintiff is

8 not an adequate representative of the purported class.

9 <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

10 Plaintiff's claims, and the claims of each putative member of each purported class and

11 subclass defined in the Complaint, or some of them, are barred, in whole or in part, by applicable

12 statutes of limitations.

13 <u>TWELFTH AFFIRMATIVE DEFENSE</u>

14 Plaintiff's claim and the claims of each putative member of each purported class and

15 subclass defined in the Complaint, or some of them, are barred in whole or in part, by the doctrine

16 of *estoppel*.

17 <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

18 Plaintiff's claims, and the claims of each putative member of each purported class and

19 subclass defined in the Complaint, or some of them, are barred in whole or in part by the

20 principles of accord and satisfaction, and payment.

21 <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

22 Plaintiff's claims, and the claims of each putative member of each purported class and

23 subclass defined in the Complaint, or some of them, are barred in whole or in part because said

24 claims have been released by the employee(s) in question.

25 <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

26 Plaintiff's statutory claims, and the claims of each putative member of each purported

27 class and subclass defined in the Complaint, are barred to the extent they failed to exhaust their

28 internal and/or administrative remedies.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

9

Case No. C-09-1679 JLR

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2     The Complaint, including the averments of damages purportedly stated therein, is barred

3     in whole or in part by the doctrine of laches.

4

**SEVENTEENTH AFFIRMATIVE DEFENSE**

5     Plaintiff's claims, and the claims of each putative member of each purported class and

6     subclass defined in the Complaint, or some of them, are barred, in whole or in part, by Plaintiff's

7     unclean hands and/or inequitable or wrongful conduct.

8

**EIGHTEENTH AFFIRMATIVE DEFENSE**

9     The federal Fair Labor Standards Act ("FLSA") preempts Plaintiff's second cause of action in

10    that the application of Nevada law to an alleged violation of the FLSA would impermissibly frustrate

11    and undermine the remedial framework Congress adopted for alleged violations of the FLSA.

12    Specifically, *inter alia*, Congress has mandated an opt-in collective action procedure for claims under

13    the FLSA, while Plaintiff seeks to litigate his claims as an opt-out class action pursuant to the Nevada

14    Revised Statutes Sections 608.016, 608.260, 608.115, 608.040, and 608.050.

15

**NINETEENTH AFFIRMATIVE DEFENSE**

16    Plaintiff and some or all of the putative class members he purports to represent failed to

17    perform the conditions necessary to give rise to any obligations on the part of Amazon for the

18    payment of wages alleged in the Complaint.

19

**TWENTIETH AFFIRMATIVE DEFENSE**

20    Plaintiff's claims, and the claims of each putative member of each purported class and

21    subclass defined in the Complaint, or some of them, are barred, in whole or in part, by the *de*

22    *minimis* doctrine.

23

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

24    Plaintiff's claims, and the claims of each putative member of each purported class and

25    subclass defined in the Complaint, or some of them, are barred, or recovery reduced, because

26    Amazon took reasonable steps to prevent and correct the conduct alleged in the Complaint; Plaintiff

27    and putative members of the purported class unreasonably failed to use the preventive and

28    corrective measures that Amazon provided; and reasonable use of Amazon procedures would have

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S          10
THIRD AMENDED COMPLAINT

Case No. C-09-1679 JLR

1   prevented at least some of the harm that Plaintiff and putative members of the purported class and

2   subclass allegedly suffered.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

4   If Amazon is found to have failed to pay Plaintiff, and each putative member of each

5   purported class or subclass defined in the Complaint, although such is not admitted, such failure

6   was made in good faith and in conformity with and in reliance on applicable administrative

7   regulations, orders, rulings, approvals, interpretations, administrative practices, and/or

8   enforcement policies of the Wage and Hour Division of the United States Department of Labor.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

10   Neither Plaintiff nor the putative class members he purports to represent are entitled to

11   recover any liquidated damages or penalties, as prayed for in the Complaint, because Amazon did

12   not willfully fail to pay overtime wages and acted in "good faith."

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

14   The Complaint fails to state a claim for waiting time penalties under Nevada Revised

15   Statutes sections 608.040 and 608.050 in that some of the members of the purported class did not

16   resign or were not discharged prior to the filing of this action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

18   Plaintiff's monetary claims, and the claims of the putative members of the purported class

19   and subclass, are barred in whole or in part because they have not appropriately or adequately

20   mitigated their alleged damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

22   If Plaintiff has sustained any damages or if any putative member of any purported class or

23   subclass defined in the Complaint has sustained any damages, although such is not admitted

24   herein and is specifically denied, Amazon is entitled under the equitable doctrine of setoff and

25   recoupment to offset all obligations of the Plaintiff and putative class members owed to Amazon

26   against any judgment that may be entered against Amazon.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28   The certification of a class and/or collective action would constitute the denial of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S          11
THIRD AMENDED COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

Case No. C-09-1679 JLR

1  Amazon's due process rights in violation of the Fourteenth Amendment of the United States

2  Constitution, the California Constitution, the Washington Constitution, and/or the Nevada

3  Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

5        Although Amazon denies that it has committed or has responsibility for any act that could

6  support the recovery of civil penalties in this lawsuit, if and to the extent any such act or

7  responsibility is found, recovery of civil penalties against Amazon is unconstitutional under the

8  United States Constitution, the Washington Constitution, and/or the Nevada Constitution,

9  including but not limited to the excessive fines clause in the Eighth Amendment, the due process

10  clause of the Fifth Amendment, and Section 1 of the Fourteenth Amendment.

### RESERVATION OF RIGHTS

12        Defendant Amazon reserves the right to assert such additional affirmative defenses that may

13  appear and prove applicable during the course of this litigation.

14        WHEREFORE, AMAZON.COM, INC. prays for judgment as follows:

15        1.     That Plaintiff and all purported class members take nothing by this action;

16        2.     That judgment be entered in favor of Amazon and against Plaintiff and all

17  purported class members;

18        3.     That Amazon be awarded its costs of suit;

19        4.     That Amazon be awarded its attorneys' fees according to proof; and

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S     12
THIRD AMENDED COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

Case No. C-09-1679 JLR

1      5.      That the Court award Amazon such other and further relief as the Court may deem

2   proper.

3   Dated: August 11, 2010                          MORGAN, LEWIS & BOCKIUS LLP

4

5                                                   By _____ /s/ Theresa Mak _____
                                                        Theresa Mak
6

7                                                   REBECCA EISEN, State Bar No. 96129
                                                    THERESA MAK, State Bar No. 211435
                                                    *Admitted pro hac vice*
8                                                   MORGAN, LEWIS & BOCKIUS LLP
                                                    One Market, Spear Street Tower
9                                                   San Francisco, CA  94105-1126
                                                    Tel:  415.442.1000
10                                                  Fax:  415.442.1001
                                                    reisen@morganlewis.com
11                                                  tmak@morganlewis.com

12                                                  RICHARD G. ROSENBLATT, State Bar No.
                                                    RR6720
13                                                  *Admitted pro hac vice*
                                                    MORGAN, LEWIS & BOCKIUS LLP
14                                                  502 Carnegie Center
                                                    Princeton, NJ  08540-6241
15                                                  Tel:  609.919.6600
                                                    Fax:  609.919.6701
16                                                  rrosenblatt@morganlewis.com

17                                                  HARRY KORRELL, State Bar No. 23173
                                                    DAVIS WRIGHT TREMAINE LLP
18                                                  1201 Third Avenue, Suite 2200
                                                    Seattle, WA  98101-3045
19                                                  Tel:  206.757.8080
                                                    Fax:  206.757.7700
20                                                  harrykorrell@dwt.com

21                                                  Attorneys for Defendant
                                                    AMAZON.COM INC.
22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S          13
THIRD AMENDED COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

Case No. C-09-1679 JLR

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served true and correct copies of the foregoing document(s) on parties and their counsel of record, in the manner indicated:

Matthew J. Ide, WSBA No. 26002
IDE LAW OFFICE
801 Second Avenue, Suite 1502
Seattle, WA 98104-1500
Tel: (206) 625-1326
Fax: (206) 622-0909
email: mjide@yahoo.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

David R. Markham, CA Bar No. 071814
CLARK & MARKHAM LLP
600 "B" Street, Suite 2130
San Diego, CA 92101
Tel: (619) 239-1321
email: dmarkham@clarkmarkham.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

Mark R. Thierman, NV Bar No. 8285
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Tel: (775) 284-1500
email: laborlawyer@pacbell.net

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

Walter Haines, CA Bar No. 071074
UNITED EMPLOYEES LAW GROUP, PC
65 Pine Avenue, #312
Long Beach, CA 90802
Tel: (877) 696-8378
email: walterhaines@uelglaw.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

Dated this 11th day of August 2010

/s/ Theresa Mak
Theresa Mak

DB2/21851137.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO PLAINTIFF'S
THIRD AMENDED COMPLAINT

14

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

Case No. C-09-1679 JLR