1

2

3

4

5                                                    HONORABLE JAMES L. ROBART

6

7

8

9

10

11

12                           UNITED STATES DISTRICT COURT

13             FOR THE WESTERN DISTRICT OF WASHINGTON

14 RICHARD AUSTIN, an individual, on behalf of himself, the general public, and all others similarly situated,

15

16                    Plaintiff,

17           vs.

18 AMAZON.COM, INC., a Delaware Corporation authorized to do business in the State of Washington,

19

20                  Defendant.

Case No. C-09-1679 JLR

**FOURTH JOINT STATUS REPORT AND RULE 26(f) DISCOVERY PLAN**

21

22

23        Plaintiff Richard Austin ("Plaintiff") and Defendant Amazon.com, Inc. ("Defendant" or

24 "Amazon") submit the following Joint Status Report pursuant to the Court's *Scheduling Order*.

25 **I.**       **NATURE OF THE CASE**

26         **A.**       **Plaintiff's Claims**

27           1.       Plaintiff claims that in general the rounding policy tended to work against

28

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FOURTH JOINT STATUS REPORT AND
RULE 26(f) DISCOVERY PLAN
Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1   employees and in favor of Amazon.  Plaintiff further contends that Amazon required employees

2   to show up for work and clock in before their start of shifts for the benefit of Amazon so that they

3   would be able to attend 'stand up' meetings which always took place at the commencement of

4   shifts.  Plaintiff further contends that between the time employees clocked in and the start of

5   shifts, Amazon required employees to be available for specific projects which could be assigned

6   to them and commence in this time period.

7          **B.      Defendant's Defenses**

8          Defendant denies any liability for Plaintiff's claims.  Specifically, Defendant denies that it

9   failed to compensate Plaintiff and putative class members for time worked in accordance with the

10  FLSA or applicable Nevada state law.  Defendant's rounding policy provides a convenience for

11  employees who may clock in at their leisure, and results only in a compensation benefit to the

12  employees – employees do not perform any work prior to shift start, so early clock-ins may occur,

13  but work is not performed.  However, those who clock in late are paid as if they were on time;

14  they are paid for work they did not do.

15         Plaintiff has revised his theory of liability and now appears to claim that he occasionally

16  performed work in the few minutes between when he clocked in and when his scheduled shift

17  began.  However, electronic data pertaining to Plaintiff's entrance into the Amazon fulfillment

18  center in which he worked, Plaintiff's time clock punches and Plaintiff's productivity data, all of

19  which have been voluntarily produced by Defendant, establish that Plaintiff did <u>not</u> arrive at the

20  fulfillment center and clock-in early enough to have engaged in any productive work the vast

21  majority of the time.  If Plaintiff ever did engage in any work-related activity on one or more

22  occasions, Plaintiff was fully compensated for such work over a period of time because he

23  sometimes was paid for time he did not spend working due to the rounding policy or such time

24  was *de minimis* and therefore not compensable.  In any case, Plaintiff has not identified any

25  policy or practice of requiring employees to work prior to shift start.

26  **II.    STATEMENT OF ADR METHOD**

27         As discussed in previous Joint Status Reports, the Parties have engaged in discussions

28  regarding a possible resolution of this action.  However, these discussions have been unsuccessful

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
FOURTH JOINT STATUS REPORT AND
RULE 26(f) DISCOVERY PLAN                    2
Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1  thus far.  Plaintiff filed a Third Amended Complaint on July 28, 2010, which Defendant answered
2  on August 11, 2010.

3  Plaintiff continues to believe that private mediation of the case on a classwide basis would
4  be appropriate.  Plaintiff has reviewed plaintiff's clock in records and believes the figure set forth
5  by Amazon below for what it believes to be plaintiff's damages is erroneous.

6  Although Defendant previously believed private mediation was the best ADR method in
7  this case, Defendant now believes that the Parties would most benefit from an Early Neutral
8  Evaluation. Defendant's investigation of Plaintiff's claims, which includes an analysis of the
9  electronic data pertaining to Plaintiff's entrance into the Amazon fulfillment center in which he
10 worked, Plaintiff's time clock punches and Plaintiff's productivity data that Defendant voluntarily
11 produced to Plaintiff, shows that Plaintiff's damages in this case are less than $200.  Defendant
12 asserts that hiring an experienced private mediator at $5000 or more to discuss a claim for $200
13 makes no economic sense.  Therefore, Defendant requests that the Court order the Parties to
14 participate in Early Neutral Evaluation within the next three (3) months.

15 **III.**   **JOINDER OF ADDITIONAL PARTIES**

16 The parties are not aware of any additional parties to be joined at this time.

17 **IV.**   **DISCOVERY**

18 **A.**   **FRCP 26(f) Conference and FRCP 26(a) Initial Disclosures**

19 The parties participated in a telephone conference pursuant to Fed. R. Civ. P. 26(f) on
20 February 25, 2010 and on May 13, 2010.  As discussed in previous Joint Status Reports, the
21 Parties had been engaged in discussions regarding a possible resolution of this action.  As part of
22 these discussions, Defendant voluntarily produced electronic data pertaining to Plaintiff's entry
23 into the Amazon fulfillment center in which he worked, Plaintiff's time clock punches and
24 Plaintiff's productivity.  Unfortunately, these discussions have been unsuccessful.  Plaintiff filed a
25 Third Amended Complaint on July 28, 2010, which Defendant answered on August 11, 2010.
26 The Parties propose exchanging Rule 26(a) initial disclosures by September 10, 2010.

27 **B.**   **Subject of Discovery**

28 Plaintiff anticipates seeking discovery on Defendant's payroll and timekeeping policies

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FOURTH JOINT STATUS REPORT AND
RULE 26(f) DISCOVERY PLAN                                 3
Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1    and electronic records.  Defendant has voluntarily produced electronic data pertaining to

2    Plaintiff's entry into the Amazon fulfillment center in which he worked, Plaintiff's time clock

3    punches and Plaintiff's productivity data and asserts that no other electronic records are relevant

4    or discoverable at this time.  Defendant anticipates seeking discovery regarding the basis of

5    Plaintiff's claims, including information Plaintiff has obtained from putative class members or

6    other sources.

7        **C.      Changes to Discovery Limitations**

8        The parties do not, at this time, propose any additional changes to the limitations on

9    discovery imposed under the Federal Rules of Civil Procedure.

10       **D.      Expense Management**

11       The parties are agreeable to exchanging some documents pertaining to Plaintiff

12   informally.  Defendant proposes focusing discovery on the viability of Plaintiff's individual

13   claims and issues relevant to collective certification prior to the adjudication of any collective

14   notice motion.  To this end, Defendant has voluntarily produced electronic data pertaining to

15   Plaintiff's entry into the Amazon fulfillment center in which he worked, Plaintiff's time clock

16   punches and Plaintiff's productivity and asserts that no other electronic records are relevant or

17   discoverable at this time.  Defendant also submits that issues in this case must be narrowed first

18   by a dispositive motion for summary judgment.  Defendant believes that the electronic data which

19   it has voluntarily produced provides a basis on which to dispose of one or all of Plaintiff's

20   theories and claims.

21       **E.      Orders**

22       The parties do not propose that the Court enter any other orders under Fed. R. Civ. P 26(c)

23   or under Local Rule CR 16(b) and (c).

24   **V.     REFERRAL TO MAGISTRATE JUDGE**

25       The parties do not consent to the assignment of this case to a full-time Magistrate Judge.

26   **VI.    BIFURCATION**

27       Defendant asserts that discovery should be bifurcated.  Specifically, unless this action is

28   certified, discovery should be focused on the merits of Plaintiff's individual claim and on issues

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FOURTH JOINT STATUS REPORT AND
RULE 26(f) DISCOVERY PLAN                    4
Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

1    relevant to the collective action allegations.

2    **VII.    PRE-TRIAL STATEMENTS**

3           The parties assert that determining the necessity of pretrial statements and pretrial orders

4    is premature at this time.  The parties will be better able to assess this issue after conducting

5    discovery and engaging in private mediation.

6    **VIII.   SUGGESTIONS FOR SHORTENING/SIMPLIFYING CASE**

7           Defendant submits that issues in this case must be narrowed first by a dispositive motion

8    for summary judgment.  Defendant believes that the electronic data which it has voluntarily

9    produced provides a basis on which to dispose of one or all of Plaintiff's theories and claims.

10          **A.      Estimate of Trial Date**

11   The parties cannot anticipate at this early stage when this case will be ready for trial.

12          **B.      Demand for Jury Trial**

13   Plaintiff seeks a non-jury trial.

14          **C.      Estimate of Trial Time**

15          The parties cannot anticipate at this early stage the number of trial days needed to

16   adjudicate the issues in this case.

17   **IX.     NAMES, ADDRESSES AND TELEPHONE NUMBERS OF TRIAL COUNSEL**

18          A complete list of counsel representing the parties are provided below.

19   **X.      SERVICE OF PARTIES**

20          All defendants have been served.

21   **XI.     SCHEDULING CONFERENCE**

22          Defendant believes that the Parties and Court may benefit from attending a scheduling

23   conference before the Court enters a scheduling order in this case.

24   Dated: August 13, 2010                    MORGAN, LEWIS & BOCKIUS LLP

25

26                                             By _____/s/ Theresa Mak_____

27                                             Theresa Mak

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FOURTH JOINT STATUS REPORT AND
RULE 26(f) DISCOVERY PLAN                           5
Case No. C-09-1679 JLR

1    REBECCA EISEN, State Bar No. 96129
     THERESA MAK, State Bar No. 211435
2    *Admitted pro hac vice*
     MORGAN, LEWIS & BOCKIUS LLP
3    One Market, Spear Street Tower
     San Francisco, CA  94105-1126
4    Tel:  415.442.1000
     Fax:  415.442.1001
5    reisen@morganlewis.com
     tmak@morganlewis.com
6    RICHARD G. ROSENBLATT, State Bar No.
     RR6720
7    *Admitted pro hac vice*
     MORGAN, LEWIS & BOCKIUS LLP
8    502 Carnegie Center
     Princeton, NJ  08540-6241
9    Tel:  609.919.6600
     Fax:  609.919.6701
10   rrosenblatt@morganlewis.com

11   HARRY KORRELL, State Bar No. 23173
     DAVIS WRIGHT TREMAINE LLP
12   1201 Third Avenue, Suite 2200
     Seattle, WA  98101-3045
13   Tel:  206.757.8080
     Fax:  206.757.7700
14   harrykorrell@dwt.com

15   Attorneys for Defendant
     AMAZON.COM INC.
16
     Dated: August 13, 2010          THIERMAN LAW FIRM
17

18
                                     By _____/s/ Mark R. Thierman_____
19                                      Mark R. Thierman, NV Bar # 8285
                                        THIERMAN LAW FIRM
20                                      7287 Lakeside Drive
                                        Reno, NV 89511
21                                      Tel: 775.284.1500

22                                   Matthew J. Ide, WSBA No. 26002
                                     IDE LAW OFFICE
23                                   Admitted pro hac vice
                                     801 Second Avenue, Suite 1502
24                                   Seattle, WA 98104
                                     Tel:  206.625.1326
25                                   Fax:  206.622.0909

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FOURTH JOINT STATUS REPORT AND
RULE 26(f) DISCOVERY PLAN                    6
Case No. C-09-1679 JLR

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

David R. Markham, CA Bar No. 071814
CLARK & MARKHAM LLP
600 B Street, Suite 2130
San Diego, CA 92101
Tel:  619.239.1321

Walter Haines, CA Bar No. 071074
UNITED EMPLOYEES LAW GROUP, PC
65 Pine Avenue, #312
Long Beach, CA 90802
Tel:  877.696.8378

Attorneys for Plaintiff
RICHARD AUSTIN

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FOURTH JOINT STATUS REPORT AND
RULE 26(f) DISCOVERY PLAN
Case No. C-09-1679 JLR

7

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served true and correct copies of the foregoing document(s) on parties and their counsel of record, in the manner indicated:

Matthew J. Ide, WSBA No. 26002
IDE LAW OFFICE
801 Second Avenue, Suite 1502
Seattle, WA 98104-1500
Tel: (206) 625-1326
Fax: (206) 622-0909
email: mjide@yahoo.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

David R. Markham, CA Bar No. 071814
CLARK & MARKHAM LLP
600 "B" Street, Suite 2130
San Diego, CA 92101
Tel: (619) 239-1321
email: dmarkham@clarkmarkham.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

Mark R. Thierman, NV Bar No. 8285
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Tel: (775) 284-1500
email: laborlawyer@pacbell.net

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

Walter Haines, CA Bar No. 071074
UNITED EMPLOYEES LAW GROUP, PC
65 Pine Avenue, #312
Long Beach, CA 90802
Tel: (877) 696-8378
email: walterhaines@uelglaw.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Delivery

Dated this 13th day of August, 2010

/s/  Theresa Mak
Theresa Mak

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FOURTH JOINT STATUS REPORT AND
RULE 26(f) DISCOVERY PLAN
Case No. C-09-1679 JLR

8

MORGAN, LEWIS & BOCKIUS LLP
ONE MARKET, SPEAR STREET TOWER
SAN FRANCISCO, CA 94105
TEL: (415) 442-1000
FAX: (415) 442-1001